## McDonogh v. DeGruys.

Where the appellant gives an appeal bond in favor of the warrantor, the warrantor is thereby made a party to the appeal and may move for its dismissal.

Where the Clerk is unable to make out the transcript in season the Supreme Court, upon proper proof, will allow further time. C. P., 883.

The failure of the appellee to move for the dismissal of the appeal within three days after the filing of the transcript, does not bar him from making such motion afterwards.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J.
A. *Hennen*, for plaintiff and appellant. *Janin*, for defendant.

Spofford, J. *Allou d'Hémécourt*, styling himself warrantor and appellee, has moved to dismiss this appeal, because the transcript was not filed within three judicial days after the return day.

The appellant, admitting the fact, urges various reasons why the motion should not prevail.

He says that *d'Hémécourt* is without interest in the case, being no party to the record, and therefore his motion cannot be heard. It is a sufficient answer to this objection to say that the plaintiff has treated him as a party appellee, by giving an appeal bond in his favor.

It is alleged that the defendants have waived their rights because they procured the cause to be fixed for trial before they filed their motion to dismiss. But the docket shows that the motion was filed before the cause was fixed.

The plaintiff suggests that the delay was owing to a fault of the Clerk of the District Court, as his certificate shows that he had not completed the transcript on the return day, and therefore the case comes within the purview of the 19th section of the Act of March 20th, 1839, amending the Code of Practice. The Clerk's certificate was, however, signed within the three judicial days which fol-

lowed the return day, and no reason is given by the plaintiff, for delaying to file the transcript several days longer. Besides, if the Clerk was unable to make out the transcript in season, the appellant had a remedy by asking of the court within the three days, further time to bring up the record, which would have been allowed upon proper proof. C. P., 883.

The case of *Murry* v. *Bacon*, 7 N. S., 265, is relied on to show that the motion to dismiss on the ground stated, should have been filed within three days after the actual filing of the transcript, and not having been filed until several months afterwards, was itself too late. That case does not apply to a motion of this character. If it did, it would require an appellee to keep a constant watch in the Clerk's office of this court, or be debarred from the exercise of an important right. An appellee must take notice of the filing of an appeal, when it is seasonably filed, otherwise, he is in time to avail himself of his rights when notice of the filing is brought home to him, and cannot be construed to have waived them until that notice is proved. *Dwight, Curator* v. *McMillen*, 4 Ann., 350.

But the plaintiff seems to rely mainly upon the position that the motion to dismiss on the ground taken by the appellee, should have been filed before the record was filed ; and he cites the 19th section of the Act of March 20th, 1839, and the cases of *Traverse* v. *Row*, 10 L., 501 ; *Découx* v. *Plantevignes*, 10 L., 506 ; *Desorme* v. *Desorme*, 17 L., 115 ; and *Duperron* v. *Van Winckle*, 4 Rob. 39.

The statute of 1839 referred to, has no relation to the timely filing of a record, which is an act required of the appellant himself. To ask for the dismissal of a case which is not before the court, or on its docket, would seem to be a work of supererogation. And although, such a construction of the law is certainly countenanced by the case from 4th Robinson, it does not seem to have been necessarily settled by the previous cases, upon which that decision was based. The two cases in 10th L. R. were cases where the transcript was filed within the three judicial days succeeding the return day. The remarks in *Desorme's Heirs* v. *Desorme's Syndic*, 17th L. upon the Act of 1839, relate to formal objections to the orders of appeal, which were cured by the provisions of that Act.

The point now under discussion, is covered by the decision in *Dwight* v. *McMillen*, 4 Ann. 350, already cited. It was then held that the omission of the appellee to move for a dismissal upon the ground taken in this case, within three days after the filing of the transcript, does not bar the appellee from making such motion afterwards. If the motion is not required to be made within three days after the record is filed, it certainly is not required before such filing.

It is believed that the uniform practice since has been in conformity with this decision, 9 Ann. 21. Such also was the earlier practice of this court. See *Kirkman* v. *Butler*, 12 L., 536. *Palfrey* v. *Winter*, 8 L., 206. *Pond* v. *Horton*, 7 L., 177. *Bell* v. *Williams*, 3 L., 251. *Meeker* v. *Muggah*, 8 N. S., 184.

If there has been any deflection from this practice, it was occasioned by a misconstruction of the remedial Act of 1839. That Act was intended to relieve appellants from the consequences of faults which were imputable to other persons and not to their own *laches*.

It is therefore ordered, that this appeal be dismissed at the appellant's costs.