## No. 13,000.

Mrs. Angele Coudroy, Widow, et al. vs. Ernest Pecot, et als.

### Syllabus.

1. An order for an appeal suspensive or devolutive, returnable according to law, is returnable at the first return day for the parish after the order. The appeal under that particular order is abandoned if not perfected by that time. (Mortee vs. Edwards, 20th Ann. 236.)

2. The filing of a transcript after an appeal has been abandoned is without effect, and appellee is entitled at any time to have the lapsing of the appeal declared.

ON APPEAL from the Twenty-fourth Judicial District Court for the Parish of St. Mary.  *Allen, J.*

*Walter J. Burke & Bro.* for Plaintiff and Appellee.

*D. Caffery & Son* for Defendants and Appellants.

Submitted on briefs January 13, 1899.
Opinion handed down February 6, 1899.
Rehearing refused March 7, 1899.

The opinion of the court was delivered by

Nicholls, C. J.  Judgment was rendered in this case by the District Court on the 30th of June, 1897, in favor of the plaintiff. On the same day, counsel for defendants, by motion, applied for and obtained an order of appeal, returnable to the Supreme Court according to law, the order being in the alternative for a suspensive or a devolutive appeal.  In case of a devolutive appeal the court fixed the appeal bond at fifty dollars; in case of a suspensive appeal, it ordered bond to be given for the amount required by law.

No bond was furnished by the defendants until 22nd June, 1898, when an appeal bond for fifty dollars was furnished—the condition of

Coudroy et al. vs. Pecot et als.

the bond reciting that it was given under an order of the District Court granting defendants a devolutive appeal. The transcript in the case was filed in the Supreme Court on December 1st, 1898. No new order of appeal was asked for or granted, nor was there any application made for delay, or for an extension of the return day.

Appeals from the parish of St. Mary were returnable at that time on the fourth Mondays of March and November (Act 69, of 1894), and since under Act No. 76 of 1898, on the fourth Mondays of January, March, June and November.

Plaintiffs have moved to dismiss the appeal on the ground that when the bond was furnished and the transcript was lodged in the Supreme Court, the appeal had lapsed by abandonment—that no notice had ever been served upon him that the appeal would be or was being prosecuted—and he had only learned casually of the filing of the transcript—that he had never consented to an extension of time.

We are of the opinion that the appeal should be dismissed. Defendants having failed to furnish bond either for a devolutive or a suspensive appeal under the order of appeal granted 30th June, 1897, within the return day, and having failed to obtain an extension of the return day, the effect of that particular order terminated. If they were entitled to an appeal it would be an appeal under a new order of appeal and bond given under it, and after proper citation to appellees. (Mortee vs. Edwards, 20th Ann. 236.)

Appellant maintains that, assuming the grounds urged for dismissal to have been well founded, they could only have been urged within three days from the filing of the transcript at any one of the return days for the parish of St. Mary during the year in which devolutive appeal could be taken.

If the appeal was abandoned under the order of appeal as taken (as we hold it was) the effect was self-acting, needing no order of court to make it operative. An order of court on that subject would be merely declaratory of an existing fact. The first return day having passed without the filing of the transcript, appellee was not called upon to be in court upon any subsequent return day for the parish, to ascertain whether the transcript would be filed, and if so, at what time. There would be no fixed period to which the three days rule could be made to apply.

The appeal is dismissed.