The opinion of the court was delivered by
Blanchard, J.
The ground for the motion is that the transcript of appeal was not seasonably filed.
The record discloses that pláintiffs moved in open court on October 10, 1899, for an appeal to this court, returnable according- to law. This was granted and the bond for a devolutive appeal was fixed at $100.00.
The first legal return day for appeals from the Parish of Vermilion, following- the taking of the order of appeal, was the second Monday of November, 1899.
On October 25th, 1899, the clerk of the trial court certified to the judge of that court his inability to complete the transcipt by the return day, assigning as the reason therefor the quantity of work in his office. Whereupon the judge — stating he did so ex proprio moiu — made an order that the return day of the appeial be changed to the 2nd Monday of January, 1900.
Appellants did not file their appeal bond until January 6, 1900, which was only three days before the extended return day.
On the same day the bond was filed', the deputy clerk of the trial court prepared and signed an affidavit setting forth he had been unable to prepare the transcript in time for filing in this court on the 2nd M.onday of January, because of the pressure of work in his office and because of the delay on part of the appellants ¿n furnishing the appeal bond. He asked an extension of time for thirty days.
This affidavit was enclosed to the clerk of this court in a letter addressed to him by counsel for appellant.
Based on this affidavit and letter of counsel, this entry was made on the minutes of this court on January 9, 1900:
“On motion of S. P. Watts, Esq., of counsel for the appellants, and the affidavit of the clerk of the lower court on file being considered, it is ordered by the court that the appellant be granted a delay of thirty days from this date to have the transcript of appeal in this case completed and to lodge it in this court.”
*1637 The transcript was not filed here until March 26, 1900 — long after this extension of time had expired. No further extension was sought or obtained.
On April 27, 1900, the appellees moved to dismiss on the grounds stated.
Appellants resist this, claiming that the motion to dismiss, to .be effective, must have been filed within three days following the filing of the transcript here.
The point here raised is no longer an open question. Repeated decisions of this court have affirmed that where an appellant fails to file his transcript within three judicial days following the return day or extended return day thereof, he is to be considered as having abandoned his appeal, and a motion to dismiss on this ground is not limited to three days following the filing of the transcript. Coudroy vs. Pecot, 51 La. Ann. 495; Mutual Loan Association vs. Church, 48 La Ann. 1458; Dwight vs. McMillen, 4 La. Ann. 350; 10 La. Ann. 75; 9 La. Ann. 21.
Appellants next resist the motion to dismiss on the ground that the failure to file the transcript in time was not occasioned through any fault of theirs, and the reason given why it was not seasonably filed is its non-completion by the clerk.
They present an affidavit of that official in which he asserts he was retarded in making out the transcript by the large volume of work in his office, and because of the fact that he suffered with a bone felon upon one of the fingers of his right hand, incapacitating him from doing manual labor.
None of these reasons suffice. It was the duty of both the appellants and the clerk, when they found the transcript could not be completed in time to meet the extended return day, to apply for a further extension. The volume of business in the clerk’s office could have been met by employing additional assistants, and it is not shown, or attempted to be shown, that other clerks could not be engaged. It was during the months of January and February that the deputy clerk suffered from the bone felon. The extended! return day of this appeal was the early part of January — the 8th of that month. Besides, another could doubtless have been engaged to do the writing in place of the deputy thus incapacitated.
Another ground urged by the appellants against the dismissal of the *1638 appeal is that their counsel labored under a misapprehension as to the purport and meaning of the letter of the clerk of this court, acknowledging receipt of the affidavit for extension of time.
It is stated that on reading the letter aforesaid counsel were of the opinion “the case would go over to the April term of this court.” They present the letter in question and ask that it be considered in connection with their insistence of the motion to dismiss.
The letter of the clerk is dated January 9, 1900. It was in reply to the letter of one of the counsel for plaintiffs dated January 8, 1900, in which he says: “I enclose affidavit of the deputy clerk of court in the matter of Nelson LeBlanc et al. vs. Albert Lemaire et als. This document speaks for itself. Please have the case continued 30 days.”
By asking the case to be “continued 30 days,” he evidently meant that an extension of time for 30 days in which to complete and file the transcript be granted. The deputy clerk’s affidavit, which he included in the letter, asked this extension of 30 days.
The clerk answered as follows:
“I am in receipt of your letter of the 8th of January instant, enelos- “ ing the affidavit of the deputy clerk of court in the matter of LeBlanc “ vs. Albert Lemaire.
“As soon as the court meets, the matter will be submitted and the “ delay asked will be granted.
“This will operate a continuance of the trial of the ease until the next “ term of this court sitting for the trial of appeals from the Parish of “ Vermilion, I fear.”
This letter was a proper reply, clear and precise. It acknowledged receipt of the affidavit asking an extension of 30 days, stated the motion would be presented to the court, and that the delay would be granted.
It was stated further the probability that the granting of the extension would operate « continuance of the trial of the case until the next term of the court sitting to hear appeals from Vermilion Parish. It is impossible for this to have reasonably produced on the mind of the recipient of the letter an impression that he had until the next term of court, sitting to hear appeals from this parish, in which to file his transcript. There is a great difference between granting an extension of 30 days in which to file a transcript, and the expression of belief on part of the clerk that the granting of the extension would operate the continuance of the trial of the cause.
*1639 The court is always reluctant to dismiss appeals, but in this instance the case is too plain a one, favoring tho motion to dismiss, to avoid it.
After the case had been argued and submitted here, and after the opinion of the court dismissing the appeal because not seasonably filed had been prepared, it is brought to the attention of the court by counsel for appellants that the judgment from which the appeal was prosecuted only appeared by entry upon the minutes of the court a qua and had not been formally drawn up and signed.
This being so the appeal was premature, to say the least of it, and it is well settled that this court will not entertain an appeal from a judg; ment not signed. 9 La. 275; 18 La. 30; 4 R. 47; 7 R. 451; 9 La. Ann. 42; 12 La. Ann. 756.
It further appears, from papers sent here, that the judge a quo signed the judgment as of date May 14, 1900, which was after the case had been argued and submitted here, and that a new order of appeal had been taken in tho ease
The appeal we have been considering is liable to dismissal on both grounds discussed, i. e., because the transcript was not seasonably filed, and because prematurely taken.
We prefer to place its dismissal on the latter ground.
It is, therefore, ordered that the appeal first taken be dismissed at the cost of appellants, without prejudice to whatever rights of appeal appellants may have under the second order of appeal taken, and without prejudice to whatever rights the appellees may have to resist said appeal by motion to dismiss or otherwise.
Rehearing refused.