Statement of the Case.
NICHOLLS, J.
In this case the district court rendered the following judgment:
“It is ordered, adjudged, and decreed that there be judgment in favor of plaintiff, Miss Catherine V. Ackermann, and against defendant, Mrs. Catherine Larner Peters, in solido, for the sum of $11,350, with legal interest from January 1, .1891, until paid, and all costs of suit subject to an offset of $5,005.”
The judgment was read in open court on October 16, 1906; but, under a remittitur of the plaintiff, the judgment wasi modified and made to read by a judgment on the new trial (rendered on October 30, 1906) “with legal interest from October 10, 1891, in accordance with the remittitur.”
On November 2, 1906, on the application of Mrs. W. H. Peters, née Catherine Larner, she was granted a devolutive appeal to the Supreme Court from the judgment against her; the bond therefor being fixed at the sum of $250.
On the same day, on application of Miss Catherine L. Peters, she was granted appeals to the Supreme Court, both devolutive and suspensive, from the judgment rendered against her; the bond for the devolutive appeal being fixed at the sum of $250, and the bond for the suspensive appeal for the amount required by law. On the 8th of November, 1906, Mrs. W. I-I. Peters executed an appeal bond for $250. Miss Catherine Peters, on the same day, executed and filed one for the sum of $23,000.
The transcript of appeal was filed on the 20th of November, 1906. On the 23d of November plaintiff filed a motion to dismiss and set aside the appeal taken by Miss Catherine L. Peters on the following grounds, and reasons :
First. That Miss Catherine L. Peters, defendant and appellant, failed to comply with the order of the court a qua granting her an appeal from the final judgment rendered by said court.
Second. That the amount of the bond furnished and filed by the said Miss Catherine L. Peters is insufficient for a suspensive appeal, as the same does not exceed by one-half, over and above the amount of the judgment rendered by the lower court in favor of mover, plaintiff and appellee, and against her, the said Catherine L. Peters, defendant and appellant.
Third. That defendant and appellant Catherine L. Peters had, by deducting the amount of the offset allowed in compensation- in favor of defendant from the amount of the judgment rendered in plaintiff’s favor against her, and computing the amount of the appeal bond, on the balance remaining after making such deduction, thereby acquiesced in and partially executed said judgment, as appears upon the face of the papers contained in the record, and cannot appeal therefrom.
In view of the premises, plaintiff and appellee prayed that the appeal herein taken by Miss Catherine L. Peters from the final judgment herein rendered and signed by the lower *747 court, in favor of plaintiff and against said defendant, be dismissed and set aside, and that execution do issue on said judgment and for all costs and general relief.
On the 1st of December, 1906, the plaintiff filed a motion to dismiss the devolutive appeal taken by Mrs. Catherine Larner, widow of William H. Peters, on the following grounds:
First. That the said defendant, Mrs. Catherine Larner, widow of William H. Peters, deceased, has confessed the correctness of the plaintiff’s demand, by setting up a plea of compensation, offering evidence in support thereof, and obtaining judgment in her favor thereon.
Second. That said plea of compensation admits the correctness of the plaintiff’s demand (Ashley v. Sholars, 22 La. Ann. 442), and said defendant cannot now be heard to question the validity or correctness thereof.
Third. That the plea of compensation admitting the correctness of the plaintiff’s demand, is tantamount to a confession of judgment, which estops and prevents said defendant making said plea from taking an appeal from the said judgment rendered in plaintiff’s favor.
Fourth. That said devolutive appeal taken by said defendant from the final judgment rendered by the lower court is frivolous on its face, and she is estopped and debarred from prosecuting the same.
In view of the premises, plaintiff and appellee prayed that the devolutive appeal herein taken from the final judgment rendered by the court a qua by Mrs. ’Catherine Larner, widow of William H. Peters, deceased, be dismissed and set aside, at her costs, and for general relief.
On Motion to Dismiss Appeal of Miss Catherine L. Peters.
The first ground for dismissal is so general that we would be justified in not considering it. In the brief filed on behalf of appellees,counsel say:
“The defendant Miss Catherine Peters did not file any bond for her devolutive appeal before the return day. She must be considered as having abandoned the same. Coudroy v. Pecot, 51 La. Ann. 495, 25 South. 270. She did file a bond for a suspensive appeal in the sum of $20,000, but this appeal bond is not sufficient in amount.”
From this we are led to suppose their contention is that, should they successfully attack the suspensive appeal bond, and have the appeal dismissed as not being suspensive in character, that dismissal would carry with it the dismissal of the devolutive appeal as a necessary consequence, unless, in order to avoid such a result, appellant bad filed before the return day a second appeal bond for $250.
In this case the judge fixed the amount for a devolutive appeal, and it was executed and filed within the return day. The decision in Coudroy v. Pecot, 51 La. Ann. 495, 25 South. 270, therefore would have no application in the matter of the present appeal, even if the suspensive appeal bond were insufficient in amount to hold the appeal as a suspensive one. The bond, if insufficient for that purpose, would be good for a devolutive appeal. The bond furnished, however, is not in fact insufficient for a suspensive appeal. Appellee says the
Amount of the judgment is for......$11,350
Legal interest at 5 per cent, on the judgment from October 10, 1891, to October 30, 1906, being 15 years and 20 days ......................... 8,544
Total amount, principal and interest. .$19,894 One-half over and above this amount
(Code Prac. art. 575) is............ 9,947
$29,841
—for which the suspensive appeal bond should have been given, but it was only given for $23,-000, showing a deficiency of $6,841.
Appellee in making the calculation ignores the words “subject to an offset of $5,005.” Those words are a part of the judgment, and the proper deduction has necessarily to be *749 made on account of them. Levy v. Roos, 32 La. Ann. 1029; Chaffe, Powell & West v. MacKenzie, 43 La. Ann. 1062, 10 South. 369.
There was only one and not two judgments 'rendered by the district court.
The contention made by the appellee that ■appellant acquiesced in and partially executed the judgment appealed from, by computing the amount of the appeal bond on the balance remaining on the judgment after the •deduction of the credit given, is untenable. Appellant was unquestionably entitled to an appeal, and the law itself fixed the terms and ■conditions upon which it could be made suspensive. Her action was not voluntary, but in compliance with the requirements of the •statute. She had to deal with the judgment temporarily and for the purposes of the appeal as she found it. When the case is reached by this court on the merits, the judgment appealed from will be subject to review as an •entirety and as rendered. Chaffe v. MacKenzie, 43 La. Ann. 1062, 10 South. 369.
Appellant’s counsel correctly say:
“If the mere computation made by the defendant for the purpose of ascertaining the •amount of the suspensive bond be an acquiescence in partial execution of the judgment which bars the appeal, then the law giving the right to appeal is nullified by its own terms in perfecting the appeal.”
The decision in Kansas City, etc., v. Murray, 47 Pac. 835, 57 Kan. 697, relied on by appellee, was rendered upon a state of facts •entirely different from those upon which we are called upon to act. The defendant in that ease, after judgment for a fixed, unqualified amount had been rendered against it, voluntarily moved the court to have the amount of that judgment reduced by the amount of a judgment in its favor which had not been referred to or dealt with in the case itself. The court, with the consent of the plaintiff, made the reduction, and defendant •then sought to appeal from the judgment as reduced. The court held that it had itself ¡partially executed the judgment and thereby estopped itself from appealing. The application to dismiss this appeal is refused.
On Motion to Dismiss the Appeal of Mrs. W. H. Peters.
Appellees move to dismiss the appeal of Mrs. Peters for the following reasons:
First. That the said defendant Mrs. Catherine Larner, widow of William H. Peters, deceased, has confessed the correctness of the plaintiff’s demand by setting up a plea of compensation offering evidence in support thereof and obtaining judgment in her favor thereon.
Second. That said plea of compensation admits the correctness of the plaintiff’s demand (Ashley v. Sholars, 22 La. Ann. 442), and said defendant cannot now be heard to question the validity or correctness thereof.
Third. That the plea of compensation admitting the correctness of the plaintiff’s demand is tantamount to a confession of judgment, which estops and prevents said defendant making said plea from taking an appeal from said judgment rendered in plaintiff’s favor.
Fourth. That said devolutive appeal, taken by said defendant from the final judgment rendered by the lower court, is frivolous on its face, and she is estopped and debarred from prosecuting the same.
There is nothing in the record which would warrant the assertion that Mrs. Peters had confessed the correctness of the plaintiff’s demand. She has contested it from the beginning, and is still contesting it. She has contended, throughout that plaintiff’s demand should be rejected in its entirety, but, in th ' event that the court should render judgment in any manner, it should be for the balance fund after an adjustment resulting from an accounting. This court, when the case was first before it (40 South. 581 [1]), did not render *751 a final judgment in favor of the plaintiff. On the contrary, it declared that matters were not in a condition to enable it to do so and remanded the cause to the district court for an accounting and the fixing of the balance which might be due as the result of the same. The court on the return of the case lias fixed the balance. Either or both of the parties were free to appeal to this court (for a final decree in the premises) as to the balance due. That, we think, cannot be disputed. Defendant has at no time lileaded compensation, as appellee claims she has. The right of neither party has as yet been finally liquidated.
Whether appellant’s appeal be frivolous or not is a matter to be ascertained after hearing.
The application to dismiss the appeal of Blrs. W. II. Peters is denied, and her appeal is maintained.

 116 La. 101.