(46 South. 618.)

No. 17,107.

TELL v. SENAC et al.

(May 25, 1908.)

APPEAL AND ERROR—DEVOLUTIVE APPEAL—BOND.

A person to whom an order for a devolutive appeal is granted in which the return day is fixed and also the amount of the appeal bond, must not only file the transcript of appeal in the Supreme Court within the time fixed, but must also file the appeal bond within that time. If he does not do so, the appeal under that particular order lapses, and on motion it must be dismissed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 20, 65.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Action by Catherine Tell against Emile Senac and others. Judgment for defendants, and plaintiff appeals. Dismissed.

Benjamin Rice Forman, for appellant. Buck, Walshe & Buck, for appellee New Orleans Gaslight Co. Henry J. Rhodes, for appellee Boylan. Francis Liddell Richardson, curator ad hoc for absent appellees.

On Motion to Dismiss the Appeal.

NICHOLLS, J. On February 7, 1908, the district court rendered a judgment herein in favor of the defendants, sustaining an

exception of no cause of action filed by them, and dismissing plaintiff's suit without prejudice.

On the 6th of April plaintiff applied for and obtained an order granting her a devolutive appeal to the Supreme Court, returnable on the third Monday of April, 1908 (20th of April, 1908). The amount of the appeal bond was fixed at $50.

On the 23d of April the transcript of appeal was lodged in this court.

On the 25th of April the New Orleans Gaslight Company, one of the defendants and appellees, moved to dismiss the appeal upon the ground that:

"The appellant had filed no appeal bond as required by the order of court granting the appeal; what purports to be the appeal bond not being signed by either the appellant or the surety, as appeared by the transcript of the appeal herein filed."

On the 23th of April an appeal bond for $50 was filed in the district court, signed by Mrs. Catherine Tell, by B. R. Forman, her attorney, and B. R. Forman, surety.

On May 2d, on motion of B. R. Forman, attorney for plaintiff, suggesting that this was a devolutive appeal taken by the plaintiff, that a motion to dismiss the appeal was filed because there was no appeal bond copied in the transcript, and the said appeal may be perfected at any time within a year, and petitioner had filed an appeal bond, with security, in the sum fixed by the order of the court, and produced a certified copy thereof, the Supreme Court ordered that the said copy of the appeal bond be then filed without prejudice to the right of the appellee.

Appellant has filed no brief in support of her right to sustain her appeal under the conditions it is now before this court. She was entitled to a year in which to obtain a devolutive appeal returnable according to law. She elected, however, to take action at once, and on her application she was granted an appeal returnable on the 20th of April.

She filed the transcript of appeal within the delays which the law accorded her for doing so, but executed no bond until after those delays had expired. One of the appellees moved to dismiss her appeal. Thereafter the appellant executed an appeal bond for the amount fixed by the order of the court, and contends that, having filed the transcript in time, her appeal was thereby saved from dismissal, and she was at liberty at any time within the year to furnish an appeal bond.

Though her appeal may not be absolutely lost by failure to execute an appeal bond within the delays granted in which to perfect her appeal as granted, she cannot sustain it under the present order of court. She will have to obtain a new order of appeal, with a proper return day, and execute a new appeal bond. A different decision as to the rights and obligations of parties would place appellees at a great disadvantage. The return day fixed by law and the order of the court having passed, and none other having been substituted, appellant would be at liberty to file her appeal bond at any date she might think proper, and by so doing deprive appellees of what might be very substantial rights. The latter could not be expected to be constantly on the alert to safeguard their interests. State ex rel. Ludham v. Judge, 104 La. 245, 28 South. 886; Coudroy v. Pecot, 51 La. Ann. 496, 25 South. 270.

We are of the opinion that, though a party dissatisfied with a judgment has the legal right to obtain an order for a devolutive appeal during one year, he should not and cannot be allowed, in the language of this court in Moss v. Reims, 52 La. Ann. 568, 27 South. 68, "to take up and complete an appeal under an order of appeal that has lapsed."

The appeal should be, and it is hereby, dismissed without prejudice to any rights she may have to another appeal.