(61 South. 218.)

No. 19,285.

MARTIN v. GARY et ux.

(Feb. 17, 1913.)

*(Syllabus by the Court.)*

1. HOMESTEAD (§ 175*)—WAIVER—CONSTRUCTION AND OPERATION.

Under the provision, "such waiver may be either general or special," as contained in article 246 of the Constitution, the homesteader and his wife may, no doubt, restrict the waiver of their homestead rights as they think proper; but, as the sole purpose, in such case, is to obtain money or credit, it would require very specific language to authorize the conclusion that, in obtaining money or credit from A., on the faith of such waiver, it was not the intention that the security offered should inure to the benefit of the heirs and assigns of A., as well as to that of A. individually. Hence a waiver, containing the clause, "This waiver is special, being only as to any debts I may now or hereafter owe to A.," is interpreted to mean that the waiver is special, in the sense that it is intended to apply to debts due or to become due to A., as contradistinguished from those due or to become due to other persons; but, the waiver having once attached to a debt, because of its belonging to the class thus specially designated, remains so attached until the debt is paid, no matter who may thereafter become the holder of it. Rev. Civ. Code, art. 2645.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 341, 343; Dec. Dig. § 175.*]

*(Additional Syllabus by Editorial Staff.)*

2. APPEAL AND ERROR (§ 364*)—PROCEEDINGS TO TRANSFER CAUSE—TIME FOR RETURN.

Where a judgment was rendered and signed on December 11, 1912, an appeal granted on December 22d, and made returnable to the Supreme Court February 5, 1913, and it was returned February 8th, the return was made within the three calendar days after the return day, in accordance with the requirement of the law, and a motion to dismiss was properly overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1969–1976; Dec. Dig. § 364.*]

Appeal from the Fourth Judicial District Court, Parish of Lincoln; R. B. Dawkins, Judge.

Action by W. H. Martin against Rufus Gary and wife. From a judgment for plaintiff, defendants appeal. Affirmed.

J. S. Atkinson, of Shreveport, for appellants. H. B. Warren, of Ruston, for appellee.

### On Motion to Dismiss Appeal.

MONROE, J. [2] Judgment was rendered and signed in this case on December 11, 1912. The appeal was granted on December 22d, made returnable to this court on the first Monday in February (February 5) 1913, and was returned on February 8th. The return was therefore made within three calendar days after the return day, which is in accordance with the requirements of the law. The motion to dismiss is therefore overruled. Act No. 92 of 1900; Brooks v. Smith, 118 La. 758, 43 South 399; Keplinger et al. v. Barrow, 61 South. 217, ante, p. 244.

### On the Merits.

Plaintiff alleges that he is the holder and owner of a promissory note for $333.80, executed by the defendant Rufus Gary, dated February 1, 1908, made payable December 1, 1908, to the order of Rhinehart & Givens, by them transferred to him, and bearing interest from date, with a stipulation for attorney's fees in case of suit, upon which $50 has been paid on account, which note is secured by a mortgage, of even date therewith, on certain real estate, in Lincoln parish, and with respect to which the maker and his wife specially waived any and all homestead exemptions to which they might be entitled. He prays for judgment with recognition of mortgage, etc.

Defendants admit that Rufus Gary signed the note sued on, and the act of mortgage, but deny that plaintiff is the owner of the note, and allege that it belongs to the estate of Rhinehart & Givens, in bankruptcy; that the waiver of homestead was made especially in favor of Rhinehart & Givens, and is void, for the reasons that said Gary was induced to sign said note through the fraud and misrepresentation of W. M. Rhinehart, member of said firm, and that they (defendants) received no consideration for the waiver. They deny the alleged payment of $50 on account. By an amended answer they allege that the fraud and misrepresentation mentioned in the original answer consisted of the misrepresentation made by said Rhinehart that:

"The note and mortgage were for an open account that Rufus Gary owed Rhinehart & Givens; that the fact was concealed from him by W. M. Rhinehart that the note was for borrowed money and a debt that he never owed Rhinehart & Givens; that W. M. Rhinehart kept defendants in ignorance of the real purpose of the note, mortgage, and homestead waiver and true facts contained therein, well knowing that neither defendant could read or write, and said note, mortgage, and homestead waiver were not read to either of them; that it was represented to each of the defendants that the homestead waiver would not, in any manner, affect the homestead of defendants—that is, the farm on which they live and live stock owned by them."

The evidence shows that the consideration of the note was, in part, a debt due on open account, and, in part, money due by Gary in other transactions; and that the note was transferred to plaintiff before maturity for a bona fide consideration. Rhinehart & Givens were country merchants, and defendant Rufus Gary is a negro farmer, who, though unable to read and write, appears sufficiently intelligent to transact business. In the course of this transaction with his merchants he was told that they would require a waiver of homestead rights from himself and his wife, and on January 18, 1908, he took his wife to their office, and executed an instrument (which was duly recorded) reading as follows:

"State of Louisiana, Parish of Lincoln.

"I, Rufus Gary, resident of above state and parish (my wife, Mrs. Mattie Gary, signing hereto with me) waive all homestead exemptions accorded me under article 244 of the Constitution of Louisiana, 1898. This waiver is special; being only as to any debts I may now

or hereafter owe Rhinehart & Givens. Done and signed on 18th day of January, 1908."

"Rufus X Gary.
his
mark
"Mattie X Gary.
her
mark

"Attest: W. M. Rhinehart."

Thereafter on February 1, 1908, Gary went before the parish recorder and ex officio notary and executed the note and act of mortgage sued on; the act containing the following reference to the waiver of homestead, to wit:

"And mortgagee declares that he has made and signed, his wife signing with him, by his authority, a special homestead waiver in favor of Rhinehart & Givens, which is on file in the clerk's office in Lincoln parish, La."

[1] The contention is that the waiver, being special, should be confined in its application to debts originally contracted in favor of Rhinehart & Givens and still due to them when sought to be enforced.

The Constitution, art. 246, provides:

"Any person entitled to a homestead may waive the same, by signing, with his wife, if she be not separated a mensa et thoro, and having recorded, in the office of the recorder of mortgages of his parish, a written waiver of the same, in whole or in part. Such waiver may be either general or special, and shall have effect from the time of recording."

No doubt under the provision "such waiver may be either general or special," the homesteader may restrict the waiver as he thinks proper; but, as the sole purpose in such case is to obtain money or credit, it would require very specific language to authorize the conclusion that, in obtaining money or credit from A., on the faith of such waiver, it was not the intention that the security offered should inure to the benefit of the heirs and assigns of A., as well to that of A. individually. In the instant case, we interpret the language used to mean that the waiver is special in the sense that it is intended to apply to debts due or to become due to Rhinehart & Givens, as contradistin-

guished from those due, or to become due, to other persons; but, the waiver having once attached to the debt in question, because of its belonging to the class thus specially designated, remains so attached, like any other security, until the debt is paid, no matter who may thereafter become the holder of it.

"The sale or transfer of a credit includes every thing which is an accessory to the same; as suretyship, privileges and mortgages." C. C. art. 2645.

The judgment appealed from is therefore affirmed.