No. 6233.

## GASTON DE BAUTTE vs. WEIL BROTHERS COMPANY, LIMITED.

### Syllabus.

1. Since a motion to dismiss an appeal because no appeal bond has been furnished must be made within three judicial days after the transcript is filed it follows that the matter is not *jurisdictional* and cannot be noticed by the Court *ex proprio motu.*

2. The obligation to have oral testimony reduced to writing and filed in the record rests upon the party who intends to rely upon such testimony.

3. The general rule is that the reduction to writing of the testimony by the party at whose instance it is taken, his attorney or agent, is improper and will require the rejection of the deposition unless the other party consent; and this is a rule of public policy which is not affected by Act 176 of 1910.

Appeal from the 27th Judicial District Court, Parish of St. James. Honorable Charles T. Wortham, Judge.

Prentice E. Edrington, Jr., for plaintiff and appellant.

Pugh & Lemann, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Since a motion to dismiss an appeal because no appeal bond has been furnished must be made within three judicial days after the transcript is filed **(State vs. Callac, 45 An., 27)** it follows the matter is not **jurisdictional** and cannot be noticed by the 'Court **ex proprio motu.**

The ruling in **Gagneause vs. Desonier, 104 La., 648,** has no application since in that case it was held that want of

an order of appeal was jurisdictional; but in any event that case must be considered as overruled by **Vallee vs. Hunsbery, 108 La., 136,** where it was held that a motion to dismiss on those grounds must be filed within three days.

It is further suggested that as the testimony for the appellee though reduced to writing was not filed in the record or included in the transcript this 'Court should either dismiss the appeal for want of a proper transcript or affiirm the judgment as in cases where the testimony has not been reduced to writing.

We are of opinion that the obligation to have oral testimony reduced to writing and filed in the record rests upon the party who intends to rely upon such testimony. Hence, an appellant is not at fault who fails to include in the transcript of appeal the evidence which his adversary has not thought proper to file.   (In this connection see the laws for the Parish of Orleans, Act 136 of 1880, Sec. 1, Par. 48.)

At any rate the law relating to the taking of testimony outside of the Parish of Orleans is not so clear but it leaves in doubt whose duty it is to have the testimony reduced to writing and filed in the record; and under such circumstances the appeal should not be dismissed since it is not clear that the apellant is at fault, but the case should be remanded for a new trial.

See **Perrouse vs. Lacoste, Supreme Court, Dec. 18, 1871, O. P., 40, p. 175, not reported.**

There is still another reason why this case should be remanded.

Appellant's testimony was taken out of Court under the provisions of Act 176 of 1910.   It was reduced to writing

by the attorney for the appellant, the appellee being absent and unrepresented, and hence not consenting.

"The general rule is that the reduction to writing of the testimony by the party at whose instance it is taken, his attorney or agent, is improper and will require the rejection of the deposition, unless the other party consent."

**13 Cyc., 936**; and our own Supreme Court has held that this is a rule of public policy, **Bank vs. Lamothe, 6 Rob., 5.**

On a rule taken the trial Judge admitted the testimony but after the case was submitted, he recalled his first ruling and excluded the testimony. He then proceeded to pass upon the case without allowing appellant an opportunity to take his testimony **de novo** which we think should have been given.

It is therefore ordered that the judgment appealed from be avoided and reversed and the case is now remanded for a new trial, with leave to either party to use the testimony taken in open Court on the first trial and such other legal testimony as they may judge proper to adduce; the costs of appeal to be borne by the appellee and all other costs to await the final judgment.

Reversed and remanded.

Opinion and decree, January 5th, 1915.

## Syllabus.

## On Application for Rehearing.

A motion to dismiss an appeal for want of an appeal bond must be made within three days after the transcript is filed.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

The case before us is briefly this: Plaintiff appealed but filed no bond. He then obtained from this Court an extension of time in which to file the transcript, and thereafter furnished bond and brought up the transcript.

The case was fixed for trial; the appellee appeared by counsel, argued the merits of the appeal, and filed a brief (November 23rd, 1914) in which it asked that the judgment appealed from be affirmed.

In argument counsel suggested that the appeal should be dismissed ex proprio motu for want of jurisdiction; and in an application for a rehearing has asked for a dismissal on the same ground, to-wit; want of jurisdiction for lack of an appeal bond.

We concede that for the purpose of maintaining an appeal, a bond filed after the return day, or after the time for taking an appeal has lapsed, is no bond at all.

Tell vs. Senac, 121 La., 534; Peoples Bank vs. Arceneaux, 134 La., 292.

But as to whether such a defect must be taken advantage of by motion made in proper time, or may be complained of at any time or noticed by the Court ex officio, we find very great conflict in the authorities.

This comes from the fact that the giving of a bond is a necessary step in transferring a case from the jurisdiction of the trial Court into that of the appellate Court; and being in that sense a matter of jurisdiction, its absence has sometimes been noticed even ex officio.

This, however, is the result of failure to distinguish between jurisdiction as depending on the subject-matter, and jurisdiction as depending upon the process.

For the giving of a bond to perfect an appeal has clearly nothing to do with the subject-matter of the controversy; and like the citation, is but one of several steps by

which the jurisdiction of the appellate Court is invoked. And the condition of the bond shows that it is a matter which concerns the appellee alone. True, the law requires a bond from one seeking an appeal, but it likewise requires a bond of one seeking an attachment or an injunction; and the purpose is the same in every case, viz: to indemnify the other party. But if that other party does not complain of the lack of such bond the Court is not concerned.

We hold that a motion to dismiss an appeal for want of an appeal bond must be made within three days after the transcript is filed.

It is, therefore, ordered that our former decree be now reinstated and made the final judgment of the Court.

Former decree reinstated and made the final judgment of the Court.

Opinion and decree, April 19th, 1915.