(71 South. 206)

No. 21164.

IBERVILLE BANK & TRUST CO. v. DUPUY.

In re H. T. COTTAM & CO., Limited.

(Feb. 21, 1916.    Rehearing Denied March 20, 1916.)

*(Syllabus by Editorial Staff.)*

1. HOMESTEAD ⊜═166 — WAIVER — RECORDATION—MARGINAL REGISTRY—SUFFICIENCY.

A marginal inscription of a waiver of homestead in favor of the plaintiff bank on page upon which a mortgage in favor of the plaintiff was recorded was not a registry of the waiver.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 330; Dec. Dig. ⊜═166.]

2. APPEAL AND ERROR ⊜═173(6)—ESTOPPEL TO ALLEGE ERROR.

As an allegation of the registry of a waiver of homestead was an allegation of a matter of fact and not of a conclusion of law, where the intervener, in its pleadings and during trial, admitted and conceded that the waiver was recorded, it was estopped to deny the registry on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1088; Dec. Dig. ⊜═173(6).]

3. HOMESTEAD ⊜═171—WAIVER—EFFECT.

Waiver by the defendants in favor of the plaintiff bank of the homestead and of rights of exemption on the property described in an act of mortgage, although referring to the particular act of mortgage for the purpose of identifying the homestead property, was general in its terms and referred to all debts to the plaintiff bank.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 338; Dec. Dig. ⊜═171.]

**4. HOMESTEAD ⊕⊃175 — WAIVER — NOTES — EQUITIES AND DEFENSES BETWEEN ORIGINAL PARTIES—RIGHTS OF A PURCHASER ON SECURED NOTE.**

Under Civ. Code, § 2645, providing that the sale or purchase of a credit must include everything which is an accessory to the same, as suretyship, privileges, and mortgages, where the plaintiff negotiated one of the secured notes under a mortgage, the note did not lose the benefit of a waiver of homestead executed in favor of the plaintiff by being transferred.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 341, 343; Dec. Dig. ⊕⊃175.]

Appeal from Twenty-First Judicial District Court, Parish of Iberville; Jos. E. Le Blanc, Judge.

Suits by the Iberville Bank & Trust Company against P. A. Dupuy, in which H. T. Cottam & Co., Limited, filed a petition praying to be permitted to intervene. From a judgment in favor of the plaintiff, the interveners appeal. Affirmed.

J. Howell Pugh, of Plaquemine, and Dart, Kernan & Dart, of New Orleans, for appellants. Borron & Wilbert, of Plaquemine, for appellee.

PROVOSTY, J. In three separate suits filed at the same time against the defendant, Dupuy, the plaintiff bank foreclosed on three separate mortgages. In one of these suits the debt was also secured by vendor's privilege. The third opponent intervened in all three suits, alleging that it had a mortgage subsequent in registry to those of the plaintiff bank, but in favor of which the defendant and common debtor Dupuy had waived the homestead; and alleging in one of the suits that the debt sued on in it, due to the plaintiff bank, was entitled to be paid by preference out of the proceeds of the sale of the mortgaged property by reason of the fact that it bore the vendor's privilege against which the homestead could not be invoked; and alleging in another of the suits that the debt sued on in it, due to the plaintiff bank, was entitled to be paid by preference out of the proceeds of the foreclosure sale by rea-son of the fact that by a duly recorded waiver the common debtor Dupuy had waived the homestead in its favor; and alleging in the remaining suit, "that your petitioner as subrogee to the extent that said rights were not renounced by said P. A. Dupuy and his said wife in the special waiver recorded in the mortgage records of this parish on May 29, 1909," is entitled to be paid by preference out of the proceeds of the foreclosure sale.

The three suits were consolidated for trial, and were tried as one. In his reasons for judgment, the trial judge dealt with but one question: Whether the recorded waiver of homestead in favor of the plaintiff bank was special to the debt in one of the suits, or was general to all debts that the debtor Dupuy might owe the said bank. He held that it was general, and directed that all three of the claims of the plaintiff bank be paid by preference—as well the one over which the opponent claimed a preference as the two which were conceded to have preference.

[1-3] In this court opponent argues that the said waiver in favor of the plaintiff bank was never recorded. As a matter of fact, so far as appears from the evidence, it was not, for the only inscription of it, so far as appears from the evidence, was in the margin of the page upon which one of the mortgages in favor of the plaintiff bank was recorded; and a marginal registry of this kind is, of course, no registry. But we agree with the plaintiff bank that the opponent having in its pleadings in the case, and by the whole course of the trial, admitted and conceded that the said waiver was recorded, cannot now on the appeal be allowed to contend that the said waiver was not recorded.

The learned counsel for opponent very properly say that the allegation of a conclusion of law does not estop; but we cannot agree with them in their contention that the allegation of the registry of this waiver was

merely the allegation of a conclusion of law. We think it was the allegation of a matter of fact. The allegation and prayer of the petition for intervention in that one of the suits involving the debt to which the waiver was alleged to be special, read as follows:

"That said P. A. Dupuy and his said wife, Adelaide Dupuy, waived their homestead rights on the property described in the act of mortgage passed on the 24th day of May, 1909, before Frederic P. Wilbert, notary public, which was given to secure the note foreclosed on by said Iberville Bank & Trust Company, plaintiff in said executory proceedings, and said homestead waiver was recorded in the mortgage records of this parish of the 29th day of May, 1909.

"That said Iberville Bank & Trust Company as the first mortgagee on said seized property and as the subrogee of the homestead rights of said P. A. Dupuy is entitled to be paid first out of the proceeds of the sale of said property its claim of $375, with interest at the rate of 8 per cent. per annum from November 25, 1912, until paid, and 10 per cent. on said principal and interest as attorney's fees, and all costs of said executory proceedings No. 1740 of the docket of this court; but your petitioner as the second mortgagee and as the subrogee to the homestead rights of said P. A. Dupuy to the extent that said rights were not waived in favor of said bank is entitled to exercise said P. A. Dupuy's homestead exemption on the property seized, and by virtue of said second mortgage and said homestead exemption petitioner is entitled to be paid the surplus of said proceeds, in preference to other creditors of said P. A. Dupuy.

"Wherefore, the premises, the annexed documents, and affidavits considered, petitioner prays that this, its petition of intervention and third opposition, may be allowed; that the Iberville Bank & Trust Company, the seizing creditor in the executory proceedings entitled the Iberville Bank & Trust Company v. P. A. Dupuy, No. 1740, of the docket of this court be cited and served with a copy of this petition of intervention and third opposition, and that after due proceedings had there be judgment decreeing that said Iberville Bank & Trust Company be paid first out of the proceeds of the sale of the property seized by it in said executory proceedings to the extent of its claim, three hundred and seventy-five dollars ($375.00), with interest at the rate of 8 per cent. per annum from November 25, 1912, until paid, and 10 per cent. on said principal and interest as attorney's fees, and all costs of said executory proceedings, as the first mortgagee and as the second mortgagee and as the subrogee to the homestead rights of said P. A. Dupuy to the extent that said rights were not waived in favor of said bank by said P. A. Dupuy, be permitted to exercise said homestead exemption on the property seized in said executory proceedings, and by virtue of

said second mortgage and said homestead exemption petitioner be paid the surplus of said proceeds, in preference to other creditors of said P. A. Dupuy; and that the sheriff of the parish of Iberville be given due notice of the filing of this petition of intervention and third opposition and served with a copy of the same, and that he be directed to retain in his hands, subject to the further orders of this court, the proceeds of the sale of the property seized by virtue of the order of seizure and sale in the above-entitled executory proceedings."

The allegation and prayer of the petition for intervention in that one of the suits involving the debt over which opponent claimed a preference read as follows:

"That your petitioner as the subrogee to the homestead rights of said P. A. Dupuy to the extent that said rights were not renounced by said P. A. Dupuy and his said wife in the special waiver recorded in the mortgage records of this parish on May 29, 1909, is entitled to exercise said homestead exemption on the property seized in the above-entitled executory proceedings, and by virtue of said homestead exemption petitioner is entitled to be paid up to $2,000 out of the proceeds of the sale of the property seized in said executory proceedings in preference to said Iberville Bank & Trust Company and in preference to other creditors of said P. A. Dupuy.

"Wherefore the premises and the annexed documents and affidavit considered, petitioner prays that this petition of intervention and third opposition may be allowed; that the Iberville Bank & Trust Company, the seizing creditor in the executory proceedings entitled Iberville Bank & Trust Company v. P. A. Dupuy, No. 1742 of the docket of this court, be cited and served with a copy of this petition, and that after due proceedings had that there be judgment decreeing that petitioner as the subrogee to the homestead rights of said P. A. Dupuy to the extent that said rights were not renounced by said homesteader in the special waiver recorded in the mortgage records of this parish on May 29, 1909, is entitled to exercise said homestead exemption on the property seized in the executory proceedings of Iberville Bank & Trust Company v. P. A. Dupuy, No. 1742 of the docket of this court, and decreeing that by virtue of said homestead exemption petitioner is entitled to be paid up to $2,000 in preference to said Iberville Bank & Trust Company, out of the proceeds of the sale of the property in preference to other creditors of said P. A. Dupuy; and that the sheriff of the parish of Iberville be given due notice of the filing of this petition of intervention and third opposition and served with a copy of the same, and that he be directed to retain in his hands, subject to the further order of this court, the proceeds of the sale of the prop-

erty seized by virtue of the order of seizure and sale in the above-entitled executory proceedings."

The allegation of the petition of intervention in that one of the suits involving the vendor's privilege read as follows:

"That as the property under seizure in said executory proceedings is being sold by said Iberville Bank & Trust Company, the plaintiff herein, for the payment of the purchase price thereof, to which said homestead exemption does not apply, said Iberville Bank & Trust Company is entitled to be paid first out of the proceeds of the sale of said property its claim with interest, and costs, but your petitioner as subrogee to the homestead rights of the said P. A. Dupuy to the extent that said rights were not specially waived in favor of the said bank, the mortgage which it is foreclosing in suit No. 1740 of the docket of this court, is entitled to exercise said homestead exemption on the property seized in the executory proceedings, No. 1741, and by virtue of said homestead exemptions petitioner is entitled to be paid the surplus of said proceeds up to $2,000, in preference to other creditors of said P. A. Dupuy."

Thus it is seen that in one of these suits the intervener alleges that this waiver has been duly recorded, and prays that by virtue of said recordation the claim of the plaintiff bank be paid by preference, and that in that one of the suits wherein a preference is not conceded to the plaintiff bank, but is claimed over the plaintiff bank, this preference is alleged and prayed only—

"to the extent that said rights (of homestead) were not renounced by said P. A. Dupuy in the special waiver recorded in the mortgage records of this parish of May 29, 1909."

It is therefore evident that the intervener did not raise by its pleadings the question of the recordation vel non of the said waiver; but, on the contrary, expressly recognized the recordation, and raised only the question of whether said waiver was special or general in its nature.

Counsel for intervener say that when this waiver was offered in evidence they objected to it on the ground that there was nothing to show that it had ever been filed for registry in the recorder's office, and that, without objection from counsel of the plaintiff bank,

the manner of the recordation of this document was gone into in extenso on the cross-examination of the president of the plaintiff bank, who happened to be also the clerk of court and ex officio recorder of mortgages; and that this shows that this question of recordation vel non was gone into on the trial in the lower court. The answer is that the purpose of offering the document in evidence was simply in order that the court might determine from its contents whether it was a special or general waiver, and that the said cross-examination was in connection with testimony which had gone to show that it had been intended to be general, and for the purpose of showing that it was special to the mortgage on the margin of which it had been recorded.

We shall therefore confine our inquiry in this case to that question. The said waiver reads as follows:

"I, Adelaide Martinez, wife, of lawful age, of P. Antoine Dupuy, herein aided and authorized by my said husband, and I, P. A. Dupuy, individually, and to authorize my said wife, declare that we have waived and do by these presents waive and renounce in favor of the Iberville Bank & Trust Company, the homestead and all rights and exemptions of homestead that exist in our favor or in favor of either of us under the Constitution and laws of the state, on the property described in an act of mortgage passed before Frederic P. Wilbert, on the 24th day of May, 1909.          P. A. Dupuy.
                                            "Adelaide Dupuy.
"Witnesses' Attest:
   "Lawrence Dupuy.
   "Joseph A. Grace."

This waiver is general in its terms, and therefore refers to all debts due to the plaintiff bank. True, it refers to a particular act of mortgage, but it does so only for the purpose of identifying the homestead property.

[4] The plaintiff bank negotiated one of the notes sued on to one Perez, and a few days before the foreclosure reacquired it from him. Perez before the retransfer of the note to the plaintiff bank had sought unsuccessfully to sell it to the intervener; and

the contention is made that at the time the waiver was executed in favor of the plaintiff bank, the bank had already transferred the note to Perez, and that therefore the waiver could have no application to it; and the further contention is made that even if the plaintiff bank was holder of the note at the date of the execution of the waiver, the note lost the benefit of the waiver by being transferred, and did not reacquire it on returning into the hands of the plaintiff bank.

We find from the evidence that the plaintiff bank was holder of the note at the date of the execution of the waiver; and we find, as a matter of law, that the note did not lose the benefit of this waiver by being transferred. In that sense see Martin v. Gary, 132 La. 246, 61 South. 218, which decision is based upon article 2645 of the Code.

Judgment affirmed.