(115 So. 130)

No. 26704.

**NEW IBERIA NAT. BANK v. LYONS et al.**

Nov. 28, 1927.

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** ☞780(1)—**Appeals will not be dismissed for errors of court or clerk.**

Appeals will not be dismissed for errors made by the clerk of court or by the court.

2. **Appeal and error** ☞627(1)—**Right of appeal was lost, where transcript was not filed before expiration of extended return day (Act No. 92 of 1900; Act No. 106 of 1908; Code Prac. arts. 587, 883).**

Under Act No. 92 of 1900, Act No. 106 of 1908, and Code Prac. arts. 587, 883, right of appeal was lost, where transcript of appeal was not filed before expiration of return day as extended.

3. **Appeal and error** ☞364—**Order extending return day of appeal must be literally complied with, or application made for further extension before extended return day expires (Act No. 92 of 1900; Act No. 106 of 1908; Code Prac. arts. 587, 883).**

Under Act No. 92 of 1900; Act No. 106 of 1908; Code Prac. arts. 587, 883, when, on timely application, court orders extension of return day of appeal, such order must be literally complied with, or application for further extension of return day must be made before expiration of time fixed in extension order.

4. **Appeal and error** ☞623—**Transcript may be filed within three ordinary days following original fixed return day (Act No. 92 of 1900; Act No. 106 of 1908; Code Prac. arts. 587, 883).**

Under Act No. 92 of 1900, Act No. 106 of 1908, and Code Prac. arts. 587, 883, transcript may be filed within three ordinary days following the original fixed return day.

Appeal from Civil District Court, Parish of Orleans; Percy Saint, Judge.

Action by the New Iberia National Bank against Mrs. Lillian Lyons and others. From the judgment, plaintiff appeals. On motion to dismiss appeal. Appeal dismissed.

Anna Judge Veters, of New Orleans, for appellant.

Merrick, Schwartz, Guste, Barnett & Redmann, of New Orleans, for appellees.

BRUNOT, J. This is a hypothecary action. The judgment appealed from dismisses the suit at plaintiff's cost. The judgment was read and signed on April 23, 1924, and the appeal therefrom was made returnable to this court on June 18, 1924. Upon the affidavit of the deputy clerk of Division F of the civil district court, and upon the timely application of counsel for appellant, this court entered an order extending the return day herein to July 16, 1924. No application was thereafter made to the court for a further extension of the return day, and the transcript was not filed here until July 18, 1924. The appellees have moved to dismiss the appeal upon the ground that the transcript was not filed timely.

Appellant's counsel contends that the motion to dismiss was filed too late, or, if we should hold otherwise, that the appeal should not be dismissed, for the reason that the clerk of court and counsel for appellant intended to apply to this court for an order extending the return day 30 days from the date of the return day as fixed in the order of appeal, but, through error or oversight, they asked for, and obtained, an order making the transcript returnable on July 16, 1924.

A very interesting and carefully prepared brief is filed in support of these contentions, and a number of cases are cited and relied upon as sustaining them. We think the attack upon the motion to dismiss the appeal is fully answered by the latest expression of this court on the subject, which is found in Dupierris v. Sparicia, 164 La. 290, 113 So. 851, and the cases therein cited.

[1] With reference to the authorities cited on the other matter argued by appellant's counsel, we will say that these authorities merely adhere to, or reaffirm, the well-recognized rule that appeals will not be dismissed for errors made by the clerk of court or by

the court. Unfortunately, these cases do not apply to the particular facts which the motion before us presents for our consideration.

[2] The affidavit of the deputy clerk recites that a delay from June 16, 1924, to July 16, 1924, is necessary to enable him to complete the transcript, and the motion for the extension of the return day, which was prepared and submitted to the court by appellant's counsel, reads as follows:

"On motion of Joseph A. Breaux, Esq., of counsel for New Iberia National Bank, and appellant, and on filing the affidavit of the deputy clerk of the lower court, showing that he will require further time to complete the transcript of appeal to this court, it is ordered by the court that the return day for filing the transcript in this court be extended to the 16th day of July, 1924."

Under the circumstances thus shown we think the case of McDonogh v. De Gruys, 10 La. Ann. 75, and the later authorities affirming the doctrine announced in that case are pertinent.

[3, 4] The right to file a transcript within three ordinary days following the originally fixed return day is a rule of practice recognized and enforced in this state. Act 92 of 1900; Act 106 of 1908; Brooks v. Smith, 118 La. 758, 43 So. 399; Welch v. Smith, 118 La. 761, 43 So. 400; Keplinger v. Barrow, 132 La. 244, 61 So. 217; Martin v. Gary, 132 La. 246, 61 So. 218; State v. Cobb, 134 La. 207, 63 So. 877; C. P. arts. 587, 883. But it is an equally well settled rule that when, upon timely application, the court orders an extension of the return day, such order must be literally complied with or an application for a further extension of the return day must be made before the expiration of the time fixed in said order. Otherwise the appeal will be dismissed, because the right of appeal is thereby lost. Dupierris v. Sparicia, 164 La. 290, 113 So. 851.

For the reasons stated, the appeal in this case is dismissed, at appellant's cost.