SCHENCK v. N. O. PUB. SERVICE, INC.

(November 17, 1930. Opinion and Decree.)

Henry J. Rhodes and J. A. Morales, of New Orleans, attorneys for plaintiff, appellant.

Rosen, Kammer & Wolff and Farrar, of New Orleans, attorneys for defendant, appellee.

## ON MOTION TO DISMISS

WESTERFIELD, J. The dismissal of this appeal is asked upon the ground that the transcript was filed too late. The original return day was August 12, 1930. An extension was granted to September 12, 1930, and the transcript was filed in this court on September 16, 1930, or four days after the expiration of the extended return day.

Appellant objects to a consideration of the motion to dismiss upon the ground that it was filed too late; that is, not within three days after the transcript was filed. This contention is unsound. In the case of Le Blanc v. Lemaire et al., 52 La. Ann. 1635, 28 So. 105, 106, the Supreme Court said:

"The transcript was not filed here until March 26, 1900, long after this extension of time had expired. No further extension was sought or obtained. On April 27, 1900, the appellees moved to dismiss on the grounds stated. Appellants resist this, claiming that the motion to dismiss, to be effective, must have been filed within three days following the filing of the transcript here.

"The point here raised is no longer an open question. Repeated decisions of this court have affirmed that, where an appellant fails to file his transcript within three judicial days following the return day or extended return day thereof, he is to be considered as having abandoned his appeal, and a motion to dismiss on this ground is not limited to three days following the filing of the transcript. Coudroy v. Pecot, 51 La. Ann. 495, 25 So. 270; Mutual Loan Association v. Church, 48 La. Ann. 1458 [21 So. 24]; Dwight v. McMillen, 4 La. Ann. 350; McDonogh v. De Gruys, 10 La. Ann. 75; French v. Harrod, 9 La. Ann. 21."

See, also, O'Reilly Engineering Co. v. Buckner, 5 La. App. 662.

It is also argued that the payment of the filing fees to the clerk of this court indicated an intention to take an appeal, and the fact that the transcript was not filed until later and after the extended return day is unimportant. The Code of Practice requires the transcript to be lodged in this court within the time fixed, and consequently the payment of filing fees will not suffice. See article 587, Code Prac.

There are no days of grace allowable on an extended return day. New Iberia National Bank v. Lyons, 164 La. 1017, 115 So. 130.

The transcript in this case not having been filed in this court within time, the appeal must be dismissed.

The motion to dismiss the appeal will therefore be sustained, and the appeal dismissed, at the cost of appellant.

HIGGINS, J., takes no part.