## SNOW v. McEWEN. *
### No. 4681.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

J. B. Crow, of Shreveport, for appellant.

Irion & Switzer, of Shreveport, for appellee.

DREW, Judge.

On April 28, 1933, judgment was rendered in the lower court in this case. On May 22, 1933, motion for a new trial was overruled and an appeal granted to this court and made returnable on July 3, 1933. On June 1, 1933, the appeal bond was filed. On June 6, 1933, petition and order for rule to test surety on appeal bond was filed and said rule was made absolute on June 8, 1933. On June 12, 1933, supplemental appeal bond was filed.

This transcript was filed in this court on July 7, 1933, the fourth day after the return day. On July 10th, following, motion to dismiss the appeal was filed by appellee, based on the ground that the appeal was not returned within the return day, or the three days of grace allowed thereafter.

Appellant has failed to show or to attempt to show that the failure of the transcript to be filed in this court on time was not his fault. He relies solely on the proposition that the three days of grace do not include a legal holiday—July 4th—in this instance. Under Act No. 92 of 1900 and Act No. 106 of 1908, the three days of grace allowed for filing the transcript of appeal are calendar days and therefore include dies non. Appellant did not ask for an extension of time or that the case be remanded. Brooks v. Smith, 118 La. 758, 43 So. 399; Martin v. Gary, 132 La. 246, 61 So. 218; Keplinger v. Barrow, 132 La. 244, 61 So. 217; Code of Practice, arts. 587, 883; New Iberia Nat. Bank v. Lyons et al., 164 La. 1017, 115 So. 130.

It therefore follows that, unless appellant has shown that the failure to file the transcript in this court within the return day and three calendar days allowed as days of grace is not due to his fault, the appeal will be dismissed.

It is not contended by appellant that it was not through his fault that the transcript was not filed in this court on time.

It is therefore ordered, adjudged, and decreed that the appeal is dismissed, at appellant's cost.

---

*Rehearing denied March 2, 1934.