EASTERN DIST.
December, 1834.
───────────
BRIDGE ET AL.
vs.
MERLE ET ALS.
therefore, unable to concur in opinion, with our brother of the District Court, that the subject matter of this suit, is exclusively of admiralty jurisdiction.

Let the rule be made absolute.

──────────

### BRIDGE & VOSE vs. MERLE ET ALS.

APPEAL FROM THE PARISH COURT FOR THE CITY AND PARISH OF
NEW-ORLEANS.

Where an appeal bond is executed, for one-half more than the amount of the judgment appealed from, and filed within ten days after the rendition of judgment, the appeal is suspensive as well as devolutive.

The jurisdiction of the appellate court attaches, as soon as the appeal bond is filed, and the court *a qua* has no longer authority to take any *steps in the case*, except such as are necessary to transmit and bring up the record.

An appeal must be made returnable within the next term of the Supreme Court, after it is taken, if there is time to cite the appellee; if not, then to the subsequent term thereafter. But the judge *a quo* cannot by a second order, extend the return day of the appeal, on the ground that the first day fixed, is not a judicial day.

When the term, to which a cause is made returnable, fails, the appellant may well file the transcript at the next term, within the *three judicial days after the return day;* but the citation must be regular to the return day, and the service in time.

The plaintiffs are appellants from a judgment, dismissing their claim and suit, and which gave to a seizing creditor, the sum claimed in the petition. They took *a suspensive* appeal, on the 26th June, 1834, returnable to the third Monday of July following, but no citation of appeal issued,

or was served on the appellee. On the third Monday of July, the appellants presented a petition to the parish judge, praying an extension of the return, which was fixed on the fourth Monday of November, to which day the appellee was cited accordingly.

*Slidell,* for the appellee, took a rule on the appellants, to show cause why the appeal should not be dismissed, for not having been filed in time.

2. The return day fixed by the judge, was the third Monday in July, and the record was not filed until the 24th November following.

3. No citation was issued, or served to the return day first fixed, as is required by law. The order extending the return day, is a nullity, and the appeal must be dismissed.

*Hoffman,* for the appellants, contended, that the want of a regular citation, did not require the appeal to be dismissed ; but that the court might order an alias citation to issue. Several cases have been decided on this principle.

2. If the law authorises an alias citation, instead of a dismissal, the court will not compel the party unnecessarily, to be at the expense of a second appeal.

3. It is made the duty of the clerk, to issue the citation of appeal. If he fails, ought the party to suffer? *Code of Practice,* 582.

4. The party ought not to suffer for the negligence of the officers. The least the court can do, is to continue the cause, and order an alias citation. This they have done, and allowed the appellant to take out a new citation. 5 *Martin,* 500. 6 *Ibid.,* 1. *Vide sec.* 9, *judiciary act of* 1813. 1 *Martin's Digest, p.* 438, 440.

5. The Code of Practice has made no change in this rule or principle. The law is the same now, as it was when those decisions were made.

EASTERN DIST.
December, 1834.

BRIDGE ET AL.
vs.
MERLE ET ALS.

*Bullard J.,* delivered the opinion of the court.

The appellee moves to dismiss this appeal, on the ground, that it has been irregularly brought up, not having been filed in time.

Judgment was rendered on the 18th of June, and on the 26th, a petition of appeal was presented; the appeal allowed, on the appellant giving bond with security, in the sum of fifteen thousand dollars; appeal made returnable on the third Monday of July following. On the same day a bond was filed, in conformity to the order of the judge.

The effect of this order is first to be considered. The appeal had been taken, and bond given, within ten days after the rendition of the judgment. It was consequently suspensive as well as devolutive. The jurisdiction of the appellate court attached, as soon as the bond was filed; and the court of the first instance, had no longer authority, to take any steps in the case, except such as are necessary to transmit the record to the appellate court. That principle has been uniformly recognised by this court. 6 *Martin, N. S.* 464. 8 *Ibid.,* 440. 4 *La. Reports,* 205.

If a citation of appeal had been issued, in pursuance of the order, returnable on the third Monday of July, it would have appertained to this court, to decide whether a proper return day had been fixed by the judge. But no such citation issued. On the contrary, the citation in the record, requires the appellees to appear on the fourth Monday of November.

After the bond had been filed, and the appeal allowed, to wit: on the 14th of July, the appellant applied by supplemental petition of appeal, to the parish judge, representing that there was not sufficient time, to take up the appeal as ordered, and praying an order, extending the time for taking it up. An order was accordingly given, extending the return to the fourth Monday of November, and on the 7th of November following, a citation was issued accordingly.

The Code of Practice, article 574, makes it the duty of the judge, allowing the appeal, to fix the day on which it shall be returned, and in fixing the day, he is to be guided

Where an appeal bond is executed, for one-half more than the amount of the judgment appealed from, and filed within ten days after the rendition of judgment, the appeal is suspensive as well as devolutive.

The jurisdiction of the appellate court, attaches, as soon as the appeal bond is filed, and the court *a qua,* has no longer authority to take any steps in the case, except such as are necessary to transmit and bring up the record.

by article 583, which provides that "the appellee must be cited to appear before the court of appeal, at its next term, if there be sufficient time for doing so, after allowing the same delay which is granted to defendants in ordinary cases; and if there be not sufficient time to admit of the appellee having this delay, owing to the distance from his domicil to the place where the court of appeal is held, he shall be cited to appear before the same, at the subsequent term."

The return day must, therefore, be within the term next to the time at which the appeal is allowed, if there be time to give the appellee the legal delay, considering his distance from the court; if not, then within the subsequent term. From the 26th of June, to the third Monday of July following, a day within the July term of this court, there was sufficient time, although the appellant may not have had time, on the 14th of July, when the supplemental petition was filed, to cite the appellee for the third Monday of the same month. We are bound to regard the second order of the judge as a nullity.

But it is contended, that as the court adjourned early in July, and was not in session on the third Monday, the return day might well be extended to the subsequent term, and was in fact extended, by operation of law. In the case of Rost *vs*. St. Francis Church, the court held, that when the term failed entirely, the appellant might well file the transcript at the next term, within the three first judicial days, after the return day fixed by the order of appeal. 5 *Martin*, *N. S.* 191.

But in that case the citation was regular, and the service in time; in this no citation issued, in conformity to the order of the judge. If it had, the appellants might well have filed the transcript, within the first three judicial days after the return day; but the judge was not authorised to extend the return day, on the supposition that the one first fixed by him, would not be a judicial day.

It is, therefore, ordered, that the appeal be dismissed, at the costs of the appellants.

57

*Sidenote:* EASTERN DIST. *December*, 1834.

BRIDGE ET AL. *vs.* MERLE ET ALS.

An appeal must be made returnable within the next term of the Supreme Court, after it is taken, if there is time to cite the appellee; if not, then to the subsequent term thereafter; but the judge a *quo* cannot, by a second order, extend the return day of the appeal, on the ground that the first day fixed is not a judicial day. When the term to which a cause is made returnable fails, the appellant may well file the transcript at the next term, within the *three* *judicial days* *after* *the* *return* *day*; but the citation must be regular to the return day, and the service in time.