PLEASANT H. HARBOUR v. ROBERT G. BRICKEL and others, Owners of the steamer Chieftain.

The jurisdiction of the Supreme Court attaches as soon as the appeal bond is filed, and the citation of appeal has been issued; and the court of the first instance can take no further steps in the case, except such as may be necessary to transmit the record to the Supreme Court. C. P. 883.

The time allowed for the return day of an appeal cannot be extended by the court from which the appeal was taken, but only by the Supreme Court; and on the failure of the appellant to file the transcript, or to apply to the Supreme Court, within three judicial days after the return day, for an extension of the time, the appellee will be entitled to an execution, under art. 589 of the Code of Practice.

THIS was an application for a mandamus to *Buchanan,* judge of the District Court of the First District.

*Perin,* for the application.

*Van Matre,* contrâ, cited act 20th March, 1839, § 19 (B. & C.'s Dig. 181). *Desorme's Heirs* v. *Desorme's Curator,* 15 La. 15. 17 La. 111. *Winchester* v. *Ory's Syndics,* 15 La. 104.

MORPHY, J.   The plaintiff's counsel moved for a mandamus to the judge of the First Judicial District, commanding him to permit an execution to be issued in this case.   He represents that the defendants, against whom a judgment was rendered below, obtained an order of appeal which was made returnable in this court on the fifth Monday of March, 1845; that, on the 9th of April, after the lapse of more than three judicial days from the return day, he obtained from the clerk of this court a certificate that the transcript had not been filed; that he presented this certificate to the district judge, who refused to permit an execution to be issued, on the ground that, on the 3d of March last, he had made an order to extend the delay for filing the appeal in the Supreme Court to the fourth Monday of April.   On the day that this application was made, the counsel for the defendants moved for leave to file the record of their appeal.   As a reason why it had not been brought up within the legal delay after the return day, he suggested that, on receiving from the clerk below the petition and citation of appeal, C. M. Randall, Esq., who was acting on his behalf (he being at the time, and long after, confined to his bed by inflammatory rheumatism), conceiving that the judge had not allowed sufficient time between the order of appeal and the return day to transmit the petition and citation of appeal to the parish of Pointe Coupée, and to have them served on the appellee in time to give him the delay allowed by law for answering thereto, applied to the appellee's counsel for him to accept service of the petition and citation of appeal; that, upon his refusal so to do, believing that the judge below had power to correct the error, and to extend the return day, so as to allow the appellee the legal delay for answering, he applied to said judge, who, upon a suggestion of the above facts, ordered the return day to be extended to the fourth Monday of April, 1845; and that, confidently relying on the validity of the order thus extending the return day of this appeal, he neglected to file the transcript, supposing that if it was filed on the return day mentioned in said order, it would be in time.   From this showing of the appellants' counsel, nothing appears to have occurred to prevent the filing of the record in this court within the time

required by law, except his belief that the judge below had the power to extend the return day. This belief we cannot admit as a sufficient excuse, after the repeated adjudications of this court on the subject. It has long since been settled, that the jurisdiction of the appellate court attaches as soon as the appeal bond is filed and the citation of appeal has issued, and that the court of the first instance has no longer any authority to take any steps in the case, except such as are necessary to transmit the record to this court; the second order, then, extending the return day from the fifth Monday of March to the fourth Monday in April, we are bound to regard as a nullity. 6 Mart. N.S. 464. 8 Ib. N.S. 440. 4 La. 205. 7 Ib. 448. 10 Ib. 482. 11 Ib. 190. Code of Practice, art. 883.

The case of *Desorme's Heirs* v. *Desorme's Syndic*, to which we have been referred by the appellants' counsel, is a very different one from the present: in that case, although the transcript was not filed on the return day, it was brought up before any certificate was given by the clerk of its not having been filed. The judge's order making the appeal returnable on a day on which this court was not to sit, was considered as a nullity, and could produce no effect. As was said in *Rains* v. *Kemp*, 4 La. 318, it was tantamount to allowing an appeal returnable on any day, or not returnable at all; and the judge, upon perceiving his error, immediately corrected it. In the present case, the first order of the court was legal, and had the effect of divesting it of its jurisdiction. If the time allowed was supposed to be insufficient, it could have been extended by an application to this court. The order of appeal was given on the 27th of February, 1845: with a moderate degree of diligence, the petition and citation of appeal might have been forwarded to Pointe Coupée early enough in March to have allowed the appellee the legal delay for answering; but, even admitting that the time was too short, this circumstance should not have prevented the record from being filed within the three days after the return day mentioned in the citation of appeal. This court would have allowed the appellee sufficient time to answer. The transcript not having been brought up on the return day, and no application for further time having been

made within the three judicial days following, nothing, under the circumstances of this case, authorizes us to withhold from the appellee the right which he has, under article 589, to proceed with the execution of his judgment in the court below.

It is, therefore, ordered and decreed, that the judge of the District Court do allow the plaintiff to take out an execution under his judgment, or do show cause to the contrary on or before the 28th of this month, if he sees fit so to do.