N. C. FOLGER *v*. MANDEVILLE MARIGNY et als.—JAMES ROBB & CO.,
Garnishees.

*Money deposited by a Sheriff in his official capacity is not liable to seizure in execution at the suit of his individual creditors.*

APPEAL from the Third District Court of New Orleans, *Kennedy*, J.
Ogden & Leovy, for plaintiff and appellant. - *Whitaker*, for defendant.

LEA, J. The plaintiff having obtained a judgment against *Mandeville Marigny*
levied an execution upon a sum of money standing to his credit, as Sheriff of the
parish of Orleans, on the books of *James Robb & Co.*, bankers. The only
question to be determined is, whether the moneys deposited by *Marigny* in his
official capacity as Sheriff, are liable to seizure in execution at the suit of his
individual creditors. A statement of the case would seem to involve its solu-
tion. It is contended, however, that the Sheriff is not a depositary, and, even if
he were such, that the identity of the several sums received by him was de-
stroyed by their deposit as a common fund in the hands of *James Robb & Co.*;
that *Marigny* became the debtor of the several litigants whose funds he held,
and that *Robb & Co.* in turn became his debtors for the balance to his credit as
Sheriff; and we have been referred to the decisions in the cases of *Stetson et als.*
v. *Gurney*, 17th La. 162 and *Longbottom* v. *Babcock*, 9th La., p. 50, as sustaining
the plaintiff's position.

We do not consider those decisions as applicable to the issue presented in
this case. In both the cases quoted, moneys had been placed in the hands of
agents *to be disbursed*; to use the language of the court : " The money was not
destined to be kept and restored, but to be employed." All that was expected
from the agents by their respective principals was an account of the disbursments.
In the case of *Stetson* v. *Avery*, (particularly relied upon,) the money was placed
in *Gurney's* hands by *Robertson*, to be employed in the purchase of cotton.
This money, or a portion of it, was deposited by *Gurney to his own credit* in the
Canal Bank. The court held that money confided to an agent could not be fol-
lowed and reclaimed in the hands of third persons *without notice*. To make the
case analogous to that under consideration, let us suppose that *Gurney* had re-
ceived money not from *Robertson*, but from a third person to be transmitted to
him, and that having so received the money he had deposited it to *Robertson's*
credit in bank, or to his own credit as agent of *Robertson*. We think that, under
such circumstances, the fund would have been protected from any seizure at the
suit of the individual creditors of *Gurney*.

Now, the Sheriff for certain purposes is constituted by law a public agent of
the litigants in the several courts of which he is the executive officer. It is his
duty to safely keep, as a public trustee, funds collected or otherwise received by
him for the account of such litigants. It was not necessary that he should open
a separate account in favor of each individual for whom he had collected money.
In many cases this would be impracticable, as for instance : where the funds so
held by him were in dispute. It is sufficient that he kept a separate account, as
a public officer, for the benefit of the several suitors whom, in his official capa-
city, he represented. It is shown affirmatively by the Sheriff that the whole of

FOLGER
v.
MARIGNY.

the fund deposited with *Robb & Co.* consisted of moneys received for account of the several suitors in the courts of justice in which he exercised his functions, and that no portion of the funds thus deposited belonged to him individually. See 11th Annual, page 76, *J. C. Beatty* v. *McLoed, tutor.*

Judgment affirmed.