THE STATE OF LOUISIANA *v.* THE JUDGE OF THE FIFTH DISTRICT COURT OF NEW ORLEANS.

The jurisdiction of the Supreme Court in cases of appeal attaches on the filing of the bond of appeal, and the inferior court thereafter has no authority to take any steps in such cases, except such as are necessary to transmit the record. An order by the inferior court granting an extension of time to prosecute the appeal, is a mere nullity.

APPLICATION for a Mandamus.
*Bodin,* for plaintiff.

VOORHIES, J.  The application for a writ of mandamus in this case is based on the following grounds set forth in the petition :

The Fifth District Court of New Orleans having rendered a judgment in favor of *J. Domingon,* as curator of the estate of the late *Louise Gérard,* against *Pierre Candau,* the latter obtained an order granting him an appeal therefrom, returnable to this court. The testimony of the witnesses was not taken on the trial of the cause in the inferior court. The relator, as the defendant's attorney called on the plaintiff's attorney to draw up jointly with him a statement of facts in the cause; but, in consequence of the departure of the latter a few days after for Europe, it was not effected. Subsequently, the relator being prevented by sickness, or unavoidable causes, to meet the opposite counsel for that purpose, obtained an order, *ex parte,* from the court below, granting him an extension of time to prosecute his appeal. On the production of the certificate of the clerk of this court, showing that the record had not been brought up, the order granting the extension of time was set aside by the court below, and the judgment ordered to be executed. A writ of *fieri facias* accordingly issued. The defendant thereupon moved the court for an order arresting the execution of the writ, and for a rule on the plaintiff's attorney to show cause why a statement of facts should not be made out in pursuance of Articles 602 and 603 of the Code of Practice.

We do not think the Judge erred in refusing to entertain the motion. On the filing of the bond of appeal the jurisdiction of this court attached, and the inferior court no longer had any authority to take any steps in the case, except such as were necessary to transmit the record to this court. The order granting the extension of time was therefore a mere nullity, this court alone having such power. C. P. 883, 7 L. 448.

It is, therefore, ordered that the application be dismissed at the relator's costs.