THOMPSON, J.
 

 The motion to dismiss the appeal in this case is based on the contention that the defendant had abandoned a prior appeal by failing to file the transcript in time and therefore could not take a second appeal.
 

 The judgment was signed on March 9,1926, ordering defendant to comply with a promise to make a deed to plaintiff to certain property situated in this city. On the ninth day thereafter the defendant obtained an order for both a suspensive and devolutive appeal, which was made returnable to this court on May 17,1926. The bond for said appeals was fixed at $500 and was executed by the defendant on the same day the order was rendered, and which was within the delay for a suspensive appeal.
 

 The transcript under that order and bond was never filed in this court.
 

 On March 8, 1927, the last day of the year in which a devolutive appeal could be taken if no prior appeal had been perfected, the defendant obtained another order for a devolutive appeal returnable to this court on May 6, 1927. The bond for this appeal was fixed at $200, which was duly executed, and the transcript filed in this court on the return day as fixed.
 

 It is apparent from the foregoing statement that the motion will have to be sustained.
 

 The rule is settled beyond controversy that, where the appellant perfects his appeal and fails to file the transcript on or before the return day or within the delays of grace following the return day, he is conclusively presumed to have abandoned the appeal, and this conclusive presumption can only be avoided by timely application to the appellate court for an extension of the return day. ,
 

 “For a failure to file the transcript, which presumes an abandonment of the appeal, the motion [to dismiss] can be filed at any time after the filing of the transcript.” Hudson v. Garrett, 47 La. Ann. 1534, 18 So. 570; Building & Loan Ass’n v. Church, 48 La. Ann. 1458, 21 So. 24.
 

 The rule is likewise settled that where an appeal has been abandoned on account of failure to file transcript, it cannot thereafter be renewed. Braud v. Huth, 154 La. 1054, 98 So. 664, and authorities thqre cited.
 

 The counsel for appellant contends that the first appeal bond was given for a'suspensive appeal, and the failure to bring up the transcript of that appeal could not be considered an abandonment of the devolutive appeal.
 

 The jurisprudence is otherwise.
 

 Where an appeal, whether suspensive or devolutive, has been perfected by giving the required bond and the appellant fails to file the transcript within the time prescribed by law or the order of court, the right of appeal itself is lost.
 

 The authorities cited and relied on by counsel were eases where the appeal had not been perfected by giving the bond.
 

 Of course, there is no appeal to be abandoned until the bond is executed.
 

 “Appellant gave no bond under the order for a suspensive appeal, but gave bond after getting an order for a devolutive appeal. This was not an abandonment of an appeal. There is no appeal until the bond is given, it matters not how many orders of appeal have been granted.” Bank of America v. Fortier, 27 La. Ann. 244.
 

 In the instant ease the defendant complied with the first order of appeal by- giving the bond, and, having failed to file the transcript in time, she could not thereafter renew the appeal, and it makes no difference whether the abandoned appeal was suspensive or devolutive.
 

 The appeal is dismissed.