44 So.2d 896

HAMILTON v. DABBS.

No. 39727.

Feb. 13, 1950.

Gatlin & Hill, New Orleans, for appellant.

Connor, Durham & Clarke, James Thomas Connor, New Orleans, for plaintiff-appellee.

HAMITER, Justice.

Plaintiff (appellee) has moved to dismiss the instant appeal of defendant, the motion being predicated on the contention that a previous appeal was taken and abandoned by appellant.

From the record it appears that on June 9, 1949, defendant secured an order for a suspensive appeal from a judgment theretofore rendered against him, and on the same day he furnished the required bond. However, the transcript under that order and bond (the appeal was returnable here July 15, 1949) was never filed in this court.

On November 17, 1949, from the same judgment, defendant applied for and obtained the devolutive appeal presently before us.

The motion to dismiss must be sustained. The established jurisprudence of this court is that where a suspensive appeal has been abandoned by a failure to file the transcript within three judicial days after the

return day (if no extension of time has been granted) the appellant cannot afterwards take a devolutive appeal from the same judgment. To this effect, and involving a factual situation identical with that here, is each of the following: Ducournau v. Levistones, 4 La.Ann. 30; Collins v. Monticou, 9 La.Ann. 39; Redmond v. Mann, 24 La.Ann. 149; Laussade v. Maury, 31 La.Ann. 858; Hymel v. Illinois Central Railroad Company, 116 La. 42, 40 So. 525; Dupierris v. Sparicia, 164 La. 290, 113 So. 851, 852.

In the last mentioned case, we stated:

"The counsel for appellant contends that the first appeal bond was given for a suspensive appeal, and the failure to bring up the transcript of that appeal could not be considered an abandonment of the devolutive appeal.

"The jurisprudence is otherwise.

"Where an appeal, whether suspensive or devolutive, has been perfected by giving the required bond and the appellant fails to file the transcript within the time prescribed by law or the order of court, the right of appeal itself is lost.

"The authorities cited and relied on by counsel were cases where the appeal had not been perfected by giving the bond.

"Of course, there is no appeal to be abandoned until the bond is executed.

\* \* \* \* \* \*

"In the instant case the defendant complied with the first order of appeal by giving the bond, and, having failed to file the transcript in time, she could not thereafter renew the appeal, and it makes no difference whether the abandoned appeal was suspensive or devolutive."

The appeal was dismissed.