PONDER, Justice.
This is an appeal from a judgment of the lower court dismissing a suit for the annulment of a judgment.
Lucille Thompson Wainwright, the divorced wife of Irving D. Wainwright, was granted a judgment in the district court increasing the award of alimony to be paid to her to $125 per month and against the garnishee, Pineville Branch of the Guaranty Bank & Trust Company, where the defendant had substantial deposits, for the sum of $1,650 for accumulated alimony which was past due and had not been paid by the defendant. She was awarded $200 as attorney’s fees. The defendant took a suspensive appeal to this court. While this appeal was pending, the present proceedings were brought by Irving D. Wain *790 wright, seeking to annul the aforementioned judgment of the lower court. He alleges that the judgment should be annulled because the wife is now gainfully employed and in no need of alimony or assistance from him. He alleges in the alternative that he is unable to pay the alimony for the reason his business has fallen off and his income is not sufficient for him to pay the alimony. In his prayer he asks that the judgment be annulled and set aside. The defendant, the divorced wife, interposed a plea to the jurisdiction of the lower court based on the ground that the plaintiff, having taken a suspensive appeal to this court from the judgment sought to be annulled, the lower court is without jurisdiction to entertain the suit in the absence of an abandonment of the appeal. The lower court sustained the exceptions to its jurisdiction and dismissed the suit. The plaintiff appealed. Since this appeal was lodged in this court, we have passed on the judgment sought to b'e annulled and amended the judgment by reducing the amount of the past due alimony to the sum of $1,450 and rejecting the amount allowed for attorney’s fees. The judgment was affirmed insofar as it fixed the future alimony at $125 per month 217 La. 563, 46 So.2d 902. The appeal in the present suit, seeking to annul the judgment of the lower court, has now been submitted for determination.
From an examination of the plaintiff’s petition, we find that he sought to annul the entire judgment, the award for past due alimony, the judgment against the garnishee for such amount and the amount to be paid for future alimony. The causes for which the nullity of a judgment may be demanded are set forth in Articles 606 and 607 of the Code of Practice. The plaintiff does not allege either of these grounds for the annulment of the judgment. He is under the impression that he is entitled to the annulment of the judgment under the provisions of Articles 160 and 232 of LSA-Civil Code, wherein it is stated that alimony shall be revocable in case it should become unnecessary or when the person is no. longer in need of it. These articles of the civil code are relevant in determining, under proper proceedings, whether the divorced wife is entitled to alimony. They are not grounds for the annulment of a judgment. After an appeal has been perfected, the trial court is divested of jurisdiction except the right to test the sufficiency of the appeal bond as of the date when filed. Mistich v. Holman, 205 La. 171, 17 So.2d 23.
We are. not unaware of the fact that future alimony may be reduced or discontinued at anytime in proper proceedings upon proper showing. We are not here presented with an appeal from such proceedings.
For the reasons assigned, the judgment of the lower court is affirmed at appellant’s cost.