75 So.2d 20

**SOUTHERN PREMIUM SERVICE, Henry Bermingham, Sole Owner,**

v.

**Salvador P. ODDO.**

No. 41780.

July 2, 1954.

Rehearing Denied Oct. 5, 1954.

Charles F. Seemann, New Orleans, for defendant-appellant.

George E. Konrad, Lucas F. Bruno, Jr., New Orleans, for plaintiff-appellee.

McCALEB, Justice.

The judgment in this case was read and signed on December 18, 1953 and, on January 11, 1954, defendant was granted a suspensive appeal returnable to this court on March 2, 1954. The appeal was perfected by the giving of bond but the transcript was not filed on or before the return day, or within the three-day grace period following it. It appears that, on the day before the appeal was returnable (March 1, 1954), the transcript clerk of the Civil District Court for the Parish of Orleans furnished counsel for appellant

with an affidavit stating that, due to the congestion of work, the transcript had not been completed and that a delay until April 1, 1954 was necessary to enable him to finish it. On March 3, 1954, counsel for appellant inadvertently applied to the Court of Appeal for the Parish of Orleans for an extension of the return day of the appeal to April 1, 1954 and one of the judges of that court granted such an order. On April 1, 1954, the date to which the return day of the appeal was extended under the improvident order issued by the Court of Appeal, counsel for appellant, having been furnished with another affidavit by the Clerk of the Civil District Court to the effect that the transcript would not be ready until May 3, 1954, erroneously applied again to the Court of Appeal for an additional extension of the return day of the appeal to that date. However, the judge of the Court of Appeal, to whom this order of extension was presented for signature, declined to sign it because the appeal was returnable to this court.

Subsequently, on April 23, 1954, counsel for appellant applied here for an order to extend the return day of the appeal to May 23, 1954, representing, among other things, that the appellee had acquiesced in the appeal by entering into a certain stipulation as to exhibits to be made part of the transcript. Upon the showing made by counsel, this court entered an order extending the return day to the requested date but reserved to the appellee all rights that he

had already acquired in the premises for a dismissal of the appeal.

The transcript was thereafter lodged here on April 30, 1954, and, on May 4th, appellee moved to dismiss the appeal on the ground that the record was not filed on or before the return day, or during the grace period, or on or before any lawful extension of the return day under orders of this court.

The motion is well taken. Under the law and the jurisprudence, an appellant is conclusively presumed to have abandoned his appeal when he fails to file the transcript on or before the return day, or within the three-day grace period following it, unless the return day is extended by order of the appellate court to which the appeal is returnable. Articles 587, 588, 589, 590, 883 and 884, Code of Practice; Harbour v. Brickel, 10 Rob. 419; Whitney Central Trust & Savings Bank v. Greenwood Planting & Mfg. Co. Ltd., 146 La. 572, 83 So. 834; Dupierris v. Sparicia, 164 La. 290, 113 So. 851; Aaron v. Mizer, 196 La. 481, 199 So. 398; McDermott v. Kilpatrick, 198 La. 1053, 5 So.2d 332 and W. T. Burton Co. v. Stevens & Co., 216 La. 1090, 45 So. 2d 634.

In the case at bar, the order of extension granted by the Court of Appeal was without legal effect as that court had no jurisdiction of the appeal. Accordingly, since the days of grace, following the original return day (March 2, 1954),

passed without appellant obtaining an extension of the time for the filing of the transcript, the appeal became subject to dismissal on motion of the appellee, as provided by Articles 590, 884 and 885 of the Code of Practice, unless appellee has waived his absolute right by taking action not consistent with an intention to have the appeal dismissed. See Lewis v. Burglass, 186 La. 36, 171 So. 564 and D'Angelo v. Nicolosi, 188 La. 326, 177 So. 64, 66.

Counsel for appellant acknowledges the force of the above cited jurisprudence but he professes that those adjudications—declaring that failure to file the record timely operates as a conclusive presumption of abandonment of the appeal—may be distinguished from this case because it is apparent from the facts here presented that appellant harbored no such intention as he actually applied timely to the Court of Appeal for an extension.

This claimed distinction is not real as it necessarily overlooks the fact that the presumption, resulting from the failure to pursue the requirements of the law, is conclusive and not open to rebuttal. The reason for this is that, by appellant's neglect to comply with the law, appellee has acquired the absolute right to have the appeal dismissed and the court is not at liberty to deprive him of that right irrespective of appellant's good intentions, which he has not legally fulfilled. When it was ascertained that the record could not be filed within the allotted time, the only

method by which appellant could have saved his appeal was by obtaining, before the expiration of the grace period, an order of this court extending the time for the filing of the transcript. Articles 883 and 884, Code of Practice. When this was not done, the appeal was lost unless appellee has acquiesced in the tardy filing of the record.

Counsel asserts that appellee has waived his right to claim a dismissal of the appeal because he failed to move for the dismissal within three days after the expiration of the three-day grace period following the original return day.

■ There is no merit in this contention for the reason that the three-day period given to appellee by Article 886 of the Code of Practice to answer the appeal applies only in cases where the transcript is timely filed in the appellate court. This view was expressed by this court in D'Angelo v. Nicolosi, supra, thus:

"Of course, this three-days limit does not apply to a motion to dismiss an appeal on the ground that the record was not filed in the appellate court within the time originally allowed, or within three days thereafter, or within the period of an extension of the time if an extension was granted in time; because, in such a case, the presumption is that the appellant has abandoned his appeal; and the appellee is not obliged to remain on the

lookout for a belated filing of the record in the appellate court."

Finally, counsel contends that appellee acquiesced in the appeal by stipulating in writing, on March 11, 1954, that all the exhibits offered at the trial might be included in the record in their original form and that it would not be necessary to copy them in the transcript.

■ The point is not well founded. The rule of law depended on by counsel is that an appellee cannot have the appeal dismissed when he has taken any action inconsistent with that purpose. The doctrine obtains only in cases where the alleged acquiescence has occurred by an appearance in the appellate court, after the transcript has been tardily filed, for purposes other than moving to dismiss the appeal—such as, praying for an increase in the judgment, Campbell v. Deville, 163 La. 575, 112 So. 491, or appearing in the appellate court to obtain a postponement of argument of the case, Lewis v. Burglass, supra, or moving to perfect the transcript after it has been lodged, LaGraize v. Tracy, 211 La. 765, 30 So.2d 828.

■■ In the case at bar, whereas it appears that the stipulation was made after the three-day grace period following the return day, the transcript had not yet been filed in this court. The stipulation was addressed to the Civil District Court and there is nothing to show that appellee was aware of the fact that appellant had not

obtained a valid extension of time within which to file the transcript here. Under these circumstances, it would be unreasonable to say that, by this accommodation for appellant's benefit, counsel for appellee acquiesced in the subsequent tardy filing of the record.

The motion is sustained and the appeal is dismissed.

HAMITER, J., recused.