MOISE, Justice.
On November 24, 1954, the Civil District Court for the Parish of Orleans granted plaintiffs a devolutive appeal from a judgment rendered on June 28, 1954 and signed on July 12, 1954. The appeal was returnable to the Supreme Court of Louisiana on January 10, 1955; thereafter, plaintiffs were granted an extension of time to February 10, 1955. No further action was taken by appellants, the record not being timely filed in this Court.
A motion to dismiss the appeal was filed, based on the grounds that more than three days had elapsed from the time allowed by law for filing of the appeal.
The controlling Article on this subject is No. 590 of the Code of Practice, which reads:
“If the appellee prefers to have judgment on the appeal, he may obtain a copy of the record from the lower court, and bring it up to the appellate court, and may pray for judgment, or for the dismissal of the appeal, in the same manner as if the record had been brought up by the appellant.”
The case of W. T. Burton Co., Inc., v. Stevens & Co., Inc., 216 La. 1090, 45 So.2d 634, is decisive of the action that should be taken. In that case the ground assigned in the judgment is:
“ * * * that where the appellant perfects the appeal and fails to file the transcript on or before the return day, or within the three day grace period following the return day (unless extended by order of the appellate court), he is conclusively presumed to have abandoned the appeal.” Articles 587, 588, 589, 590, 883 and 884, Code of Practice; Whitney Central Trust & Savings Bank v. Greenwood Planting & Mfg. Co., Ltd., 146 La. 572, 83 So. 834, Dupierris v. Sparicia, 164 La. 290, 113 So. 851; Aaron v. Mizer, 196 La. 481, 199 So. 398, *613 and McDermott v. Kilpatrick, 198 La. 1053, 5 So.2d 332.
The appeal is dismissed. All costs to be paid by plaintiffs-appellants.