89 So.2d 117

The MISSISSIPPI RIVER BRIDGE AU-
THORITY acting herein for and on be-
half of the STATE of Louisiana

v.

Ernest B. NORMAN, Jr. and John Robert
Norman.

No. 42665.

June 29, 1956.

Edward J. Gay, Jr., Baton Rouge, for
plaintiff-appellant.

G. H. Pierson, Jr., Elizabeth R. Haak, Milling, Saal, Saunders, Benson & Woodward, New Orleans, for defendants-appellees.

McCALEB, Justice.

■ The judgment in this case was read and signed on July 15, 1955, and, on August 18, 1955, plaintiff was granted an appeal returnable to this court on Friday, October 14, 1955. As plaintiff is a public body, the order of appeal properly dispensed with the requirement of an appeal bond, R.S. 13:4581, and consequently the rendition of the order ipso facto perfected the appeal. Southern Bell Tel. & Tel. Co. v. Louisiana Pub. Serv. Comm'n, 185 La. 729, 170 So. 548. However, the transcript was not filed in this court until Tuesday, October 18, 1955.

Since that date was not within the three-day grace period following the return day, appellee now moves to dismiss on the ground that plaintiff's failure to timely file the transcript constitutes in law an abandonment of the appeal.

■ The motion is well taken. It is settled that, where the appellant perfects the appeal and fails to file the transcript on or before the return day, or within the three-day grace period following the return day (unless extended by order of the appellate court), the presumption of abandonment of the appeal is conclusive. Articles 587, 588, 589, 590, 883 and 884, Code of Practice; Whitney Central Trust & Savings Bank v. Greenwood Planting & Mfg. Co., 146 La. 572, 83 So. 834; Dupierris v. Sparicia, 164 La. 290, 113 So. 851; Aaron v. Mizer, 196 La. 481, 199 So. 398; McDermott v. Kilpatrick, 198 La. 1053, 5 So.2d 332; W. T. Burton Co. v. Stevens & Co., 216 La. 1090, 45 So.2d 634 and Southern Premium Service v. Oddo, 226 La. 95, 75 So.2d 20.

In answer to the motion, counsel for plaintiff takes cognizance of the jurisprudence above cited but contends that the court should re-examine and either modify or reverse these rulings, claiming that they are contrary to, rather than in accord with, Articles 587, 589 and 590 of the Code of Practice. He further maintains that, in any event, the filing of the transcript was timely, being within three judicial days following the return day.

These postulations are not substantial. There is no divergence between the jurisprudence and the Articles of the Code of Practice. Article 587 provides that the appellant must file the transcript in the appellate court on the return day and Article 883 allows three additional days of grace within which the appellant may still comply with the order. Articles 589 and 590 prescribe the remedies available to appellee in the event the transcript is not timely filed and it is specifically stated in

Article 590 that the appellee, at his option, may bring a copy of the record from the lower court and pray " * * * for the dismissal of the appeal, in the same manner as if the record had been brought up by the appellant." These provisions cannot be construed to mean, as counsel apparently maintains, that, if the appellant tardily files the record himself (as in this case), appellee thereby loses the right to insist upon a dismissal of the appeal.

The contention that the filing of the appeal was timely, as it was within three judicial days following the return day, has been answered adversely to appellant in State ex rel. Marcade v. City of New Orleans, 216 La. 587, 44 So.2d 305, where the court ruled that the three days of grace provided in Article 883 of the Code of Practice are calendar days and not judicial days. In addition, that decision rejected another proposition here advanced by counsel that Act 234 of 1932 (now R.S. 13:4433) impliedly effected a change in Article 883 of the Code of Practice and that, by virtue thereof, the three days of grace allowed should be construed as judicial and not calendar days. See also Dent v. Dent, 189 La. 888, 181 So. 435 and Aaron v. Mizer, 196 La. 481, 199 So. 398.

The appeal is dismissed.

VIOSCA, J. ad hoc, recused.