McCALEB, Justice.
 

 This suit, arising out of a gravel contract and lease, was instituted by the lessee against Willie L. Bamburg, lessor, and M. L. Walden and C. E. Williams, doing business as Walden & Williams. The last named defendants filed an exception of no cause or right of action to plaintiff’s petition and this exception was sustained, .judgment being rendered on December 20, 1954, dismissing the suit entirely as to Walden and Williams.
 

 On December 5, 1955, judgment was read •and signed awarding,plaintiff $300 against the remaining defendant, Willie L. Bamburg, and also providing that “It is further ordered, adjudged and decreed that
 
 *1085
 
 the demands of plaintiff against all defendants for other damages he dismissed as previously ordered”. On this same date plaintiff-appellant moved and obtained an order for a devolutive appeal returnable to this Court on February 3, 1956. The appeal bond was fixed at $150.
 

 On January 30, 1956, appellant filed the required appeal bond but failed to file the transcript in this Court by the return date or within the 3-day grace period following the return date.
 

 On June 18, 1956, in open court, another order for a devolutive appeal was obtained by appellant, returnable to this Court August 15, 1956. The appeal bond was also fixed at $150.
 

 The record was lodged in this Court on August 13, 1956 but appellant has never furnished the appeal bond in accordance with the order of appeal.
 

 On December 13, 1956, Walden and Williams (hereinafter called “appellees”) filed a motion to dismiss the appeal insofar as it affects them, contending (1) that the first appeal taken by appellant was presumptively abandoned since the transcript was not filed on ,or before the return date or within the 3-day grace period following the return date and that the second appeal should be dismissed since no bond was ever filed to perfect this appeal; (2) that the judgment rendered and signed on December 20, 1954, sustaining the exception of no cause or right of action and dismissing the suit insofar as it affected appellees, was a final definitive judgment as to them and that, since no appeal bond was filed within one year of the effective date of this judgment, the appeal was not completed within the time prescribed by law; (3) that neither of the two appeals taken designates which of the two judgments was appealed from, nor does the bond filed in this proceeding designate which of the two definitive judgments was appealed from and (4) that, despite the fact that both orders of appeal were taken at a term of court different from that in which the judgment of December 20, 1954 was rendered and signed, no citation of appeal was prayed for or ever issued or served on appellees.
 

 On December 21, 1956, defendant Bamburg (hereinafter called “appellee”) also filed a motion to dismiss the appeal insofar as it affects him, urging the first and third grounds set forth above.
 

 Appellant opposes the motions to dismiss on the following grounds, to wit: that a motion to dismiss an appeal must be filed within 3 days of the return date of the appeal; that the judgment of December 20, 1954 was an interlocutory judgment from which no appeal will lie unless irreparable injury will result; that appellant appealed in open court at the same term that final judgment was rendered and citation of appellees was therefore not required and that, even if citation had been required, such
 
 *1087
 
 citation was waived since appellees, in moving to dismiss the appeal for want of citation, first urged some other ground for dismissing the appeal and, finally, that appellees were guilty of laches in not moving to dismiss until after the case had been placed on the preference docket.
 

 Appellant’s arguments are not impressive. At the outset, it is patent that the judgment rendered and signed on December 20, 1954, which upheld appellees’ exception of no cause or right of action and dismissed the suit as to them, was a final definitive judgment insofar as they are concerned, deciding at it did all the points in controversy between them and appellant. Article 539 of the Code of Practice; Nicholls v. Maddox, 52 La.Ann. 496, 26 So. 994; James v. St. Charles Hotel Co., 145 La. 1004, 83 So. 222 and River & Rails Terminals v. Louisiana Ry. & Nav. Co., 157 La. 1085, 103 So. 331.
 
 [1]
 

 Appellant’s contention that the motions to dismiss should not be considered as they were not filed within 3 days of the return date of the appeal has no merit for the reason that this requirement of Article 886 of the Code of Practice is inapplicable when the defects and errors complained of are jurisdictional and strike at the foundation of the right of appeal. Compare Elliot v. Heard, 217 La. 218, 46 So.2d 249 and cases there cited.
 

 In the instant case, the motions to dismiss are based, in part at least, on defects which are jurisdictional and which do strike at the foundation of the right of appeal. For example, both motions urge the dismissal- of the appeal on the ground that the first appeal was conclusively presumed to be abandoned since the transcript was not filed on or before the return date or within the 3-day grace period following the return date and that no bond was ever filed to perfect the second appeal. Appellant’s failure to timely file the transcript clearly strikes at the foundation of the right of appeal and it has been specifically held that, for a failure to timely file the transcript, the motion to dismiss can be filed at any time after the filing of the transcript. Hudson v. Garrett, 47 La.Ann. 1534, 18 So. 510; Mutual Loan & Bldg. Ass’n v. First African Baptist Church, 48 La.Ann. 1458, 21 So. 24. Furthermore, the failure to perfect the second order of appeal by filing the appeal bond within a year from the date of the rendition
 
 *1089
 
 of judgment is obviously jurisdictional as the appellate court does not acquire jurisdiction of an appeal which has not been perfected by the filing of a bond within the time prescribed by law. Arnold v. Arnold, 217 La. 362, 46 So.2d 298 and cases there cited.
 

 The appeal must be dismissed as to appellees Walden and Williams for a number of reasons but it is only necessary to mention one — that is — -because an appeal bond was not filed until January 30, 1956, or more then one year after the judgment of December 20, 1954. Article 593 of the Code of Practice; Lafayette v. Farr, 162 La. 385, 110 So. 624; Succession of Dahm, 166 La. 774, 117 So. 826; Mount Olive Baptist Church v. New Zion Baptist Church, 198 La. 896, 5 So.2d 144; Dickerson v. Hudson, 201 La. 915, 10 So.2d 700 and Fisher v. International Brotherhood of Electrical Workers, 218 La. 243, 48 So.2d 911.
 

 It is also manifest that the appeal cannot stand as to appellee Bamburg. Appellant obtained the first order for a devolutive appeal on December 5, 1955 and this appeal was perfected (as to appellee Bamburg) on January 30, 1956 when appellant filed the required appeal bond. In view of the fact that this appeal was perfected, appellant, in failing to timely file the transcript, lost the right of appeal itself and it could not thereafter be renewed. Article 594 of the Code of Practice; Edenborn v. Kirkland, 136 La. 1020, 68 So. 111; Braud v. Huth, 154 La. 1054, 98 So. 664; Dupierris v. Sparicia, 164 La. 290, 113 So. 851; Paramount Wood Products Co. v. Colonial Fire Underwriters, 180 La. 886, 158 So. 7; Hamilton v. Dabbs, 216 La. 867, 44 So.2d 896 and Hyde v. Sims, 222 La. 567, 62 So.2d 837. In any event, the second appeal was never perfected since no appeal bond was ever filed pursuant to the order of appeal obtained June 18, 1956.
 

 The appeal is dismissed.
 

 [1]
 

 . The case of Reeves v. Barbe, 200 La. 1073, 9 So.2d 426, cited by appellant, does not support his contention that the judgment of December 20, 1954 was interlocutory and is clearly distinguishable from the case at bar. There, an exception of no cause of action was sustained only as to a part of plaintiffs’ demands against a single defendant and the Court properly held such judgment to be interlocutory rather than final. In the instant case the judgment sustaining appellees’ exception of no cause or right of action dismissed appellant’s suit
 
 in toto
 
 as far as appellees are concerned and was a final appealable judgment as to them.