REGAN, Judge.
This appeal emanates from the First City Court of New Orleans. The judgment in favor of the plaintiffs in the sum of $349.02, was signed on December 18, 1956. On December 27, 1956, the eighth day after the signing of the judgment, excluding Sundays from computation, defendants moved for and were granted both a suspen-sive and devolutive appeal, conditioned upon their furnishing bond with good and solvent surety according to law in the sum of $550. The appeal bond, however, was *45 not filed in the court below until January 2, 1957, which was the thirteenth day, exclusive of Sundays, from the day on which the judgment was signed. The appellants also failed to file the transcript of the record in this court on or before January 6, 1957, the return date fixed in the order of appeal. On January 29, 1957, in conformity with the provisions of Article 590 of the Code of Practice, the plaintiffs-appellees filed the transcript in this Court in order that the appeal might be dismissed. It reads
“If the appellee prefers to have judgment on the appeal, he may obtain a copy of the record from the lower court, and bring it up to the appellate court, and may pray for judgment, or for the dismissal of the appeal, in the same manner as if the record has been brought up by the appellant.”
LSA-R.S. 13:1971, Act 219 of 1932, which regulates the practice before the City Courts of Louisiana, in cities of over one hundred thousand inhabitants, in cases where said courts have concurrent jurisdiction with the district courts of all suits for moneyed demands above one hundred dollars shall be governed by the general rules regulating proceedings before the district courts, provides:
“Appeals shall be allowed within ten days, exclusive of Sundays, from the signing of the judgment, on giving bond, according to law, in a sum exceeding by one-half the amount of money judgments, in case of suspen-sive appeal, and in a sum to be fixed by the judge, in case of devolutive appeal, and other than money judgments.”
This language means not only that the application for the appeal must be made within ten days, but also that the bond required by law must be filed within that delay.
In Bannister v. Chisesi & Longo, La. App., 5 So.2d 145, 147, we said :-
“It is well settled that an order of appeal has no effect unless the appeal bond required as a condition “on which the order is granted is filed within the time required by law for taking an appeal. * * *.”
See, also, Montaldo Insurance Agency, Inc., v. Bonck, 1950, 43 So.2d 555.
In W. T. Burton Company, Inc., v. Stevens & Company, Inc., 216 La. 1090, 45 So.2d 634, the Supreme Court said:
“* * * that where the appellant perfects the appeal and fails to file the transcript on or before the return day, or within the three day grace period following the return day (unless extended by order of the appellate court), he is conclusively presumed to have abandoned the appeal.”
Articles 587, 589, 590, 883 and 884, Code of Practice; Whitney Central Trust & Savings Bank v. Greenwood Planting & Manufacturing Company, Ltd., 146 La. 572, 83 So. 834; Dupierris v. Sparicia, 164 La. 290, 113 So. 851; Aaron v. Mizer, 196 La. 481, 199 So. 398, and McDermott v. Kilpatrick, 198 La. 1053, 5 So.2d 332; Merchants & Manufacturers Bank of Ellisville, Miss. v. Southern Engineering & Construction Co., 228 La. 610, 83 So.2d 645.
For the reasons assigned- it is ordered that this appeal be and the same is hereby dismissed.
Motion sustained; appeal dismissed.