101 So.2d 683

**W. N. LOVE**

v.

**DEPARTMENT OF HIGHWAYS, State OF LOUISIANA.**

No. 43925.

March 17, 1958.

Rehearing Denied April 21, 1958.

Campbell & Campbell, C. A. Marvin, John T. Campbell, Minden, for plaintiff-mover.

W. Crosby Pegues, Jr., D. Ross Banister, Philip K. Jones, Glenn S. Darsey, Baton Rouge, for defendant-respondent.

HAMITER, Justice.

W. N. Love demanded in this suit the sum of $21,000 for damages allegedly sustained by his gasoline service station as a result of a highway widening project undertaken by the defendant, Department of Highways of the State of Louisiana. He was awarded a judgment of $15,000. Thereupon, the defendant, in accordance with the provisions of LRS 13:4581, applied for a suspensive appeal to this court without bond. The appeal was granted on November 18, 1957 (also it was then perfected since no bond was required), and it was made returnable on January 7, 1958. However, the transcript was not lodged here until January 21, 1958, and no application for an extension of the return date was ever made to this court. On the following day the appellee filed a motion to dismiss the appeal. It is presently before us for consideration.

The motion is well taken and will have to be sustained. As we have said on numerous occasions: "The rule is settled beyond controversy that, where the appellant perfects his appeal and fails to file the transcript on or before the return day or within the delays of grace following the return day, he is conclusively presumed to have abandoned the appeal, and this conclusive presumption can only be avoided by timely application to the appellate court for an extension of the return day." Dupierris v. Sparicia, 164 La. 290, 113 So. 851. See also Aaron v. Mizer, 196 La. 481, 199 So. 398; W. T. Burton Co., Inc., v. Stevens & Co., Inc., 216 La. 1090, 45 So.2d 634; Merchants and Manufacturers Bank of Ellisville, Mississippi v. Southern Engineering Co., Inc., 228 La. 610, 83 So.2d 645, and

Mississippi River Bridge Authority, etc. **v.** Norman, 230 La. 547, 89 So.2d 117.

▮ Appellant takes the position that the time for filing the transcript had not expired on January 21, 1958 (the date it was lodged here), because on December 30, 1957 the district court, on application of the clerk of that tribunal, extended in writing the return date to January 27, 1958. But the order was invalid. Our jurisprudence is to the effect that after an appeal has been perfected the district court is divested of jurisdiction, except as to the right to test the sufficiency of the appeal bond. Mistich v. Holman, 205 La. 171, 17 So.2d 23 and Wainwright v. Wainwright, 221 La. 787, 60 So.2d 410. And on such theory this court has, on at least four different occasions, declared that the trial judge cannot extend the return date subsequent to the perfecting of the appeal, and that any such action on his part is a nullity, producing no effect. Bridge & Vose v. Merle, 7 La. 446; Harbour v. Brickel, 10 Rob. 419; Folger v. Marigny, 11 La.Ann. 727 and De Bouchel v. Her Husband, 34 La.Ann. 102.

The numerous cases cited and relied on by appellant do not support the contention that it is within the discretion of the trial judge to extend a return date after the appeal has been perfected. Most of them involved the judge's fixing of an erroneous return date in the first instance on the petition for the appeal. Only two dealt with the matter of an extension, and in them the applications therefor were made to this court.

Appellant further contends that it should not be charged with any dereliction with respect to the untimely lodging of the transcript, its counsel having gained the impression from representations made by the district court clerk that the return date had been properly extended. In this connection it shows: "That respondent was not aware of the manner or method by which the return day in this suit had been extended until January 17, 1958, following the receipt of an uncertified and unconformed copy of appellee's motion to dismiss on which date counsel for respondent discussed with the Clerk of Court for the Parish of Webster by long distance telephone the manner and method by which said return day had been extended and, therefore, respondent's first knowledge of such circumstances was received January 17, 1958."

▮ Many times we have held that the duty to file a transcript in this court is that of the appellant, not of the district court clerk. And when that official undertakes the filing he acts as appellant's agent. Aaron v. Mizer, supra, and the cases therein cited. Moreover, on January 6, 1958 this appellant had actual knowledge that the district judge had sought to effect an extension

for filing the transcript in question, for in a letter received by its counsel on that date (a photostatic copy thereof showing the date of reception is attached to an answer to the motion to dismiss) the district court clerk stated: "This will advise you that Judge James E. Bolin, has extend(ed) the return date of the appeal from January 7, to January 27, 1958, in cause # 20,337—W. N. Love v. Department of Highways." Incidentally, after receiving such letter (on January 6) appellant had ample time to properly seek an extension of the originally fixed return date (January 7), but it failed to do so. (Parenthesis ours.)

As an alternative proposition, in the event we hold that the suspensive appeal granted herein should be dismissed for failure to timely file the transcript, appellant has moved that the case be remanded in order that it may apply for and perfect a devolutive appeal. This motion must be denied. It is firmly established in our jurisprudence that when an appeal has been perfected and later abandoned by failure to timely file the transcript (as here) the right of appeal itself is thereby lost. See Hamilton v. Dabbs, 216 La. 867, 44 So.2d 896 and the cases therein cited.

For the reasons assigned the motion to remand is denied and the appeal is dismissed.