HOOD, Judge.
This is an action to annul and rescind two acts of sale, or in the alternative to recover damages. After trial of the case on its merits, judgment was rendered on June 28, 1957, in favor of defendants, dismissing plaintiff’s suit and the judgment was read and signed on the same day. On May 23, 1958, plaintiff applied for and was granted a devolutive appeal, returnable to- *407 the Supreme Court on July 22, 1958, and personal service of the order granting the appeal was duly made on the defendant-appellee. The suit was filed in forma pauperis, and the appellant was relieved of the necessity of furnishing bond in order to perfect his appeal. On July 21, 1958, one day prior to the return date, the district judge who had allowed the appeal issued and signed an order purporting to extend the return date to September 15, 1958. The transcript was filed in the Supreme Court on that date, and the Supreme Court then transferred the appeal to this court on July 5, 1960.
Counsel for the appellee, on August 18, 1960, filed with the clerk of this court a motion to dismiss the appeal, alleging that the appellant’s failure to file the transcript of appeal with the clerk of the Supreme Court on the return date, or within the three-day grace period following the return date, without obtaining from the Supreme Court an extension of time for filing it is fatal to the appeal. The matter is now before us on that motion to dismiss the appeal.
Since the appeal in this case was in forma pauperis, no bond was required to perfect it. The appeal,^therefore, was perfected ipso facto by the order of the district judge granting the appeal. Mississippi River Bridge Authority, etc. v. Norman, 230 La. 547, 89 So.2d 117; Love v. Department of Highways, 234 La. 825, 101 So.2d 683; Davidson v. Richard McCarthy Co., Inc., La.App.1936, 166 So. 504. Lewis v. Federal Land Bank of New Orleans, 1935, 183 La. 724, 164 So. 780.
At the time this appeal was returnable to the Supreme Court, the jurisprudence of this state was settled to the effect that in cases appealable to that court it was the duty of the appellant or his attorney, not that of the clerk of the district court, to timely file the transcript with the Supreme Court; and that where the appellant perfects his appeal and fails to file a transcript on or before the return day, or within the days of grace following the return day, he is conclusively presumed to have abandoned the appeal. This conclusive presumption could he avoided only by timely application to the appellate court for an extension of the return day. Dupierris v. Sparicia, 164 La. 290, 113 So. 851; Aaron v. Mizer, 196 La. 481, 199 So. 398; W. T. Burton Co., Inc. v. Stevens & Co., Inc., 216 La. 1090, 45 So.2d 634; Merchants and Manufacturers Bank of Ellisville, Mississippi v. Southern Engineering & Const. Co., Inc., 228 La. 610, 83 So.2d 645, and Mississippi River Bridge Authority, etc. v. Norman, supra; Love v. Department of Highways, supra; Coney v. Coney, 238 La. 410, 115 So.2d 801.
The jurisprudence at that time also was established to the effect that the trial judge could not extend the return date subsequent to the perfecting of the appeal, and that any such action on his part was a nullity, producing no effect. Bridge & Vose v. Merle, 7 La. 446; Harbour v. Brickel, 10 Rob. 419; State v. Judge of Fifth District, 11 La.Ann. 728; DeBouchel v. Her Husband, 34 La.Ann. 102; Love v. Department of Highways, supra; Mistich v. Holman, 205 La. 171, 17 So.2d 23 and Southern Premium Service v. Oddo, 226 La. 95, 75 So.2d 20.
The appeal in this case was made returnable to the Supreme Court on July 22, 1958. The subsequent order of the district judge purporting to extend that return date was a nullity, producing no effect. The appellant failed to file the transcript with the clerk of the Supreme Court on or before the return date, or within the delays of grace following that day, so he is conclusively presumed to have abandoned his appeal.
Counsel for appellant contends, however, that the motion to dismiss should be denied because it was filed more than three days after the expiration of the time allowed for filing the record. He relies on the case of D’Angelo v. Nicolosi et al., 1937, 188 La. 326, 177 So. 64, where a motion to *408 dismiss an appeal was overruled by the Supreme Court because it had not been filed within that three-day period. That case is not applicable to the issue presented here, however, because in the D’Angelo case the return date had been properly and timely extended by the appellate court on several occasions, and the record was filed with the Supreme Court on or before the last extension of the return date. As grounds for the motion to dismiss the appeal, the mover alleged that the extensions were unnecessary and were granted on the basis of an erroneous certificate or affidavit. No issue was presented there, as it is in this case, of whether the appellant was legally presumed to have abandoned his appeal, and the Supreme Court specifically pointed out that the three-day limit would not apply to a motion to dismiss an appeal on the ground that the record was not timely filed in the appellate court. The following language was used by the court:
“ * * * Of course, this three-days limit does not apply to a motion to dismiss an appeal on the ground that the record was not filed in the appellate court within the time originally allowed, or within three days thereafter, or within the period of an extension of the time if an extension was granted in time; because, in such a case, the presumption is that the appellant has abandoned his appeal; and the appellee is not obliged to remain on the lookout for a belated filing of the record in the appellate court * * (177 So. 66)
Also, in the case of Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666, 668, the Supreme Court said:
“‡ * * Appellant’s failure to timely file the transcript clearly strikes at the foundation of the right of appeal and it has been specifically held that, for a failure to timely file the transcript, the motion to dismiss can be filed at any time after the filing of the-transcript * *
Appellant argues further that if the-order of the trial judge purporting to extend the return day was invalid, that deficiency was cured and the order was made valid by Act 38 of 1960 (amending R.S. 13:4438), which act became effective as-emergency legislation on June 20, 1960. That act provides that the return date of an-appeal may be extended by order of the trial court. Appellant points out that the motion to dismiss the appeal was not filed! until after this act became effective, and that the order of the trial court extending the return day was uncontested at that time. He argues that under those circumstances-the 1960 act should be construed as validating the prior order of the trial judge extending the return date. We find no merit in that argument. There are no provisions-in Act 38 of 1960 indicating that it was intended as remedial legislation or that the act was to be applied retroactively. When the appellant failed to file the record timely he was conclusively presumed to have abandoned his appeal, and the appellee at that time became vested with an absolute right to have the appeal dismissed. In our opinion the enactment of Act 38 of 1960 does-not deprive him of that right.
It is further argued that, because of appellee’s delay in filing the motion to-dismiss, it should be assumed that he has tacitly agreed to the extension of the return date, and accordingly is estopped from-filing such a motion. The law, however, provides no time limit which an appellee may file a motion to dismiss an appeal on the ground that the record was not timely -filed, and the record does not disclose that the appellee in this case has committed any act inconsistent with his motion to dismiss. Under those circumstances we conclude that appellee is not estopped from filing this motion.
For the reasons herein set out, the motion is sustained and the appeal is dismissed.